IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

DAWN WOOTEN,                          :
                                      :
      Plaintiff,                  :
                                      :
    v.                             :      CASE NO:  7:22-cv-148 (WLS)
                                      :
LASALLE CORRECTIONS, *et al.*,        :
                                      :
      Defendants.                 :
_____      :

## ORDER

Before the Court is Defendants' Motion for Extension of Time to Respond to Plaintiff's Complaint in Equity for First Amendment Retaliation (Doc. 3) ("Motion"), in which Defendants request an extension of time up to and including April 6, 2023, to file their answer or to otherwise respond to the complaint. Defendants state they received various documents by certified and regular mail between February 13, 2023 and February 22, 2023, purporting to serve them with process. Accordingly, they calculate the deadline for responding to the complaint to be between March 6, 2023 and March 15, 2023. Defendants contend that none of the documents contained a request for Waiver of Service of Summons. Defendants contend there are deficiencies in the service of process as well as jurisdiction in this case. They further represent that they conferred with Plaintiff's counsel on March 3, 2023 and March 6, 2023, seeking a stipulation for a thirty-day extension. Plaintiff refused to consent to the extension and requested Defendants waive service of process instead. Defendants assert they cannot waive process due to defects that already exist in Plaintiff's attempted service along with other jurisdictional issues.

Plaintiff filed a response (Doc. 4) in opposition to the Motion. Plaintiff advised the Court that Thad M. Guyer, will be co-counsel, with Plaintiff's current counsel John Paul Batson. She further notes that John T. Rouse of McGlinchey Stafford, is counsel for

1

Defendants LaSalle Corrections, David Paulk, Irwin County Detention Center, LaSalle Management Company LLC and LaSalle Southeast LLC ("Defendants") in this case. Plaintiff contends that Mr. Rouse represents these same Defendants in the related case of *Oldaker, et al. v. Giles, et al.*, No. 7:22-cv-00224-WLS. However, LaSalle Corrections and LaSalle Management Company LLC are not named defendants in the *Oldaker* case. Finally, Plaintiff contends that David Gevertz is Mr. Rouse's co-counsel in *Oldaker*.

Plaintiff states that on February 9, 2023, Mr. Guyer contacted Mr. Gevertz to arrange waiver of service of process on Defendants pursuant to Federal Rule of Civil Procedure 4(d). Through email reply from Mr. Gevertz, Mr. Guyer was advised that Mr. Gevertz's firm had not been retained to represent the Defendants in this action. Plaintiff expected Mr. Gevertz to notify his clients, who are the same defendants in both cases, so that Plaintiff's counsel would be contacted to waive service under Rule 4(d).

On February 10, 2023, Plaintiff mailed the complaint and summons to the Defendants by regular mail and by return receipt. Plaintiff contends that all Defendants received the summons and complaint by February 16, 2023, and attached to her response the tracking information showing delivery in support of her contention. Plaintiff admits that the waiver form required by Rule 4(d) was inadvertently omitted from the mailings by Mr. Guyer's office.

When Plaintiff's counsel was contacted on March 3, 2023, by Defendants' counsel regarding a stipulation for extension of time for Defendants to respond to the complaint, Plaintiff's counsel suggested the better course of conduct was for the parties to agree to a Rule 4(d) waiver which would provide Defendants with 60 days to respond to the complaint without the necessity of filing a motion to extend.

Defendants refused to sign a waiver and Plaintiff refused to enter into a stipulation. Plaintiff argues that the Motion should be denied because Defendants were uncooperative under Rule 4(d). Plaintiff contends she has until March 29, 2023, to effect personal service under Rule 4 if required. Plaintiff states:

> District courts have almost unreviewable discretion over motions for extension under FRCP 6(b) and LR 6.1. Under LR Standard of Conduct B.1.a., courtesy is "ordinarily" expected of attorneys in consenting to a first extension. As Mr. Guyer's declaration makes clear, that courtesy was extended via communication with LaSalle counsel in the "related case" under the clear spirit and intent of Rule 4(d) for 60 days, but Defense counsel refused, preferring

instead to burden the parties and then the Court with an opposed motion for a 30 day extension.

(Doc. 4 at 3.) Plaintiff requests the Motion be denied and Plaintiff will send the required waiver form to Defendants.

The Defendants filed a reply (Doc. 5) on March 9, 2023. The Court's review of the docket in *Oldaker* is consistent with the statements in Defendants' reply. The *Oldaker* docket reflects that Mr. Gevertz was no longer counsel for the Defendants at the time Mr. Guyer sent his request for Mr. Gevertz to waive service of process. The email response from Mr. Gevertz states ":I will *not* be counsel." (Doc. 4-2 (emphasis added).) There is no indication that Mr. Gevertz expected to be retained. Any confusion on the part of Plaintiff's counsel could have been clarified by a simple phone call or additional emails. Further, Mr. Gevertz and Mr. Rouse were never co-counsel in the *Oldaker* case because Mr. Rouse was substituted in as counsel at the time Mr. Gevertz withdrew as counsel. The Order granting the withdrawal and substitution of counsel was entered in the *Oldaker* case on December 5, 2022. It is also clear on the docket of this case that Mr. Gevertz has never entered an appearance in this case. These facts, together with Plaintiff's failure to include the waiver form along with the mail service of the complaint and summons, make it clear that Plaintiff first verbally requested a Rule 4(d) waiver from Defendants' counsel on March 3, 2023 at the same time as her refusal to enter into a stipulation agreeing to an extension.

Defendants' reply reflects that as of March 9, 2023, none of them have been presented with a waiver of service form. (Doc. 5 ¶ 13, 15.) Defendants state that service of process is not valid on the Defendants because Plaintiff failed to serve Defendants' registered agents and/or mail service is not available in Georgia. Defendants state service directed to Irwin County Detention Center, is not valid because it is simply a building and is not an entity capable of being sued. (Doc. 5 ¶ 16.)

Finally, Defendants state they have jurisdictional challenges, as well as other specific objections to the Complaint. Defendants' position is that they will not simply abandon their defenses by waiving service of process.

Based on the foregoing, the Court finds that Plaintiff failed to comply with the waiver of service requirements of Fed. R. Civ. P. 4(d). Accordingly, Defendants' Motion (Doc. 3)

should be and hereby is **GRANTED**. Defendants shall have up to and including April 6, 2023, to file an answer or such responsive pleadings as may be appropriate to the Complaint.

       **SO ORDERED**, this 13th day of March 2023.

**/s/ W. Louis Sands**
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

4