**UNITED STATES DISTRICT
COURT MIDDLE DISTRICT OF
GEORGIA VALDOSTA DIVISION**

**DAWN WOOTEN,**

  *Plaintiff,*

**VS.**            **CIVIL ACTION NO. 7:22-cv-00148-WLS**

**LASALLE CORRECTIONS,
LASALLE MANAGEMENT
COMPANY, L.L.C, LASALLE
SOUTHEAST, LLC, IRWIN COUNTY
DETENTION CENTER,**
and **DAVID PAULK,** an individual,

  *Defendants.*

---

**DEFENDANTS' PARTIAL MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)**

---

  **COME NOW**, Defendants, LASALLE CORRECTIONS, LASALLE MANAGEMENT COMPANY, L.L.C. ("LaSalle Management"), LASALLE SOUTHEAST, LLC ("LaSalle SE"), and DAVID PAULK (collectively, "Defendants"), and file this *Partial Motion to Dismiss Pursuant to Rule 12(b)(6)*, as to the *First Amended Complaint for First Amendment and Statutory Retaliation* [Doc. 38] (the "FAC") filed by Plaintiff Dawn Wooten, seeking the dismissal of particular claims under Rule 12(b)(6) for Plaintiff's failure to assert facts sufficient to establish those causes of action. In addition, Defendants re-urge the arguments raised in their previously-filed Motions to Dismiss pursuant to Rule 12(b)(2), [Doc. 31], and Rule 12(b)(6), [Docs. 32-34], because as set forth in the Memorandum in Support of this Motion and in Defendants' Replies in Support of those Motions [Docs. 44-45], the new facts alleged by Plaintiff in the First Amended Complaint do not alter those arguments.

In support of this Motion, Defendants state as follows:

**LaSalle Corrections and LaSalle Management**

1.      On August 8, 2023, Defendants LaSalle Corrections and LaSalle Management submitted their Motion to Dismiss Pursuant to Rule 12(b)(2) and 12(b)(6) to contest this Court's exercise of personal jurisdiction over them. [Doc. 31].

2.      Defendants LaSalle Corrections and LaSalle Management asserted in that Motion that "LaSalle Corrections" is a trade name, and not an entity capable of being sued, and that sufficient minimum contacts did not exist for it to be subject to personal jurisdiction in the state of Georgia.

3.      In that Motion, without waiver of the personal jurisdiction arguments raised, Defendants LaSalle Corrections and LaSalle Management joined in the Rule 12(b)(6) arguments asserted by LaSalle Southeast, LLC, in its Motion to Dismiss.

4.      On August 24, 2023, Plaintiff filed her First Amended Complaint. [Doc. 38].

5.      After filing the First Amended Complaint, Plaintiff responded to the Motion to Dismiss filed by LaSalle Corrections and LaSalle Management, filing her Opposition on September 16, 2023. [Doc. 42].

6.      Defendants filed their Reply in Support of their Motion to Dismiss on October 2, 2023. [Doc. 44].

7.      The additional allegations contained in the FAC do not include any additional jurisdictional facts that would change the arguments raised in that Motion.

8.      Plaintiff has also tacitly acknowledged the ongoing nature of this Motion to Dismiss by filing an Opposition to that Motion.

9.      Therefore, Defendants LaSalle Corrections and LaSalle Management  re-aver that personal jurisdiction over them is improper in this Court and appear in this Motion specifically to assert as much.

10.     Alternatively, if this Court finds sufficient contacts to establish personal jurisdiction, which is denied, LaSalle Corrections and LaSalle Management join in the arguments asserted in this Partial Motion to Dismiss, which apply equally to those Defendants because of Plaintiff's failure to assert facts sufficient to establish a claim for relief.

### Procedural History for LaSalle SE and David Paulk

11.     On August 8, 2023, LaSalle SE filed its Rule 12(b)(6) Motion to Dismiss, which moved to dismiss Ms. Wooten's Complaint for failure to state a claim. [Doc. 33].

12.     That Motion addressed each of Ms. Wooten's claims for relief in turn, and specifically the following:

    a.  Ms. Wooten's claimed protected activity under the First Amendment was not Constitutionally-protected speech because LaSalle SE is not a public entity.

    b.  Ms. Wooten's claimed protected activity is not causally connected to any alleged adverse action because any alleged protected speech took place after her alleged demotion.

    c.  Ms. Wooten did not sufficiently allege a constructive discharge for purposes of a First Amendment retaliation claim.

    d.  Ms. Wooten's retaliation claim under the First Amendment and her claim under *Bivens* are barred by the applicable statute of limitations.

    e.  Ms. Wooten is not entitled to judicial review under 5 U.S.C. § 701.[1]

---

[1] Plaintiff has withdrawn this claim, along with all claims against Irwin County Detention Center. *See* [Doc. 43] at p. 3, n.1.

13.    On August 8, 2023, David Paulk also filed his Rule 12(b)(6) Motion to Dismiss, which asserted the additional arguments that (1) Ms. Wooten did not allege that Mr. Paulk undertook any action or made a decision violating her rights, and (2) that *Bivens* does not apply to private employees of private entities like Mr. Paulk.

14.    In the FAC, Ms. Wooten maintains each of her original causes of action and adds one additional claim under 41 U.S.C. § 4712.

15.    Ms. Wooten's FAC does not remedy the pleading of certain causes of action:

a.    Ms. Wooten has not alleged any additional facts to establish that LaSalle SE is a public entity that would be covered by the First Amendment.

b.    Ms. Wooten has not alleged any additional facts and has not asserted that any "First Amendment Protected Activity With News Media and Congress" took place prior to her demotion in July 2020. *See generally* [Doc. 38]. This activity began, at the earliest, on September 17, 2020. *Id.* at ¶ 101.

c.    Ms. Wooten has not alleged any additional facts to establish that she has suffered a constructive discharge.

d.    Ms. Wooten has not alleged any additional facts to establish that her claim under *Bivens* is not barred by the applicable statute of limitations.

e.    Ms. Wooten has not alleged any additional facts to establish that Mr. Paulk is a public employee who would be susceptible of a claim under *Bivens*.

16.    On September 19, 2023, after amending her Complaint, Plaintiff filed her Opposition to the Motions to Dismiss of both LaSalle SE and David Paulk. [Doc. 43].

17.    In that Opposition, Ms. Wooten withdrew her *Bivens* claim with respect to all Defendants except David Paulk.

4

18.     On October 2, 2023, Defendants LaSalle SE and David Paulk filed their Reply in Support of both motions. [Doc. 45].

19.     Because Plaintiff has not alleged additional facts to support these claims and has tacitly acknowledged the ongoing nature of the Motions to Dismiss, and because these claims have been fully briefed, they are ripe for adjudication.

20.     In the interest of judicial economy, Defendants LaSalle SE and David Paulk re-aver those arguments in response to the First Amended Complaint.

**Partial Motion to Dismiss**

21.     Defendants LaSalle SE and David Paulk now set forth that some of Ms. Wooten has failed to sufficiently plead her additional claims, and the amendment of her Complaint in fact reinforces the failure of her previous claims.

22.     With respect to LaSalle SE, Ms. Wooten has still not alleged that she was constructively discharged for purposes of her claim under 41 U.S.C. § 4712.

23.     With respect to David Paulk, Ms. Wooten has demonstrated by amending her Complaint that her *Bivens* claim against David Paulk cannot succeed as a matter of law.

24.     In support of this Motion, LaSalle SE and David Paulk rely on and direct the Court to the accompanying *Memorandum in Support* filed herewith.

For the reasons set forth, Defendants LaSalle Management and LaSalle Corrections respectfully request that their *Motion to Dismiss Pursuant to Rule 12(b)(2)* be granted and that they be dismissed from this matter with prejudice and at Plaintiff's costs.

Defendants LaSalle SE and David Paulk respectfully request that their original *Motions to Dismiss Pursuant to Rule 12(b)(6)* be granted with respect to the First Amended Complaint as if set forth fully herein, and that those claims be dismissed with prejudice and at Plaintiff's costs.

Defendants LaSalle SE and David Paulk respectfully request that this *Partial Motion to Dismiss* be granted and that Plaintiff's First Amended Complaint be dismissed with prejudice and at Plaintiff's costs.

THIS, the 10th day of October, 2023.

Respectfully submitted,

**LASALLE CORRECTIONS, LASALLE MANAGEMENT COMPANY, L.L.C, LASALLE SOUTHEAST, LLC, IRWIN COUNTY DETENTION CENTER, and DAVID PAULK**

By:   *s/ Deirdre C. McGlinchey*
Deirdre C. McGlinchey
One of their Attorneys

**OF COUNSEL:**

DEIRDRE C. MCGLINCHEY (*Pro Hac Vice*)
Louisiana Bar Roll #24167
MAGDALEN BLESSEY BICKFORD (*Pro Hac Vice*)
Louisiana Bar Roll #17472
ANDREW M. ALBRITTON (*Pro Hac Vice*)
Louisiana Bar Roll #39780
McGLINCHEY STAFFORD, PLLC
601 Poydras Street, 12th Floor
New Orleans, Louisiana 70130
Telephone (504) 586-1200 | Fax: (504) 596-2800
Email: dmcglinchey@mcglinchey.com;
      mbickford@mcglinchey.com;
      aalbritton@mcglinchey.com
and

JOHN T. ROUSE (GA Bar No. 868514)
LINDSAY K. ROBERTS (Pro Hac Vice)
MS Bar No. 105723
McGLINCHEY STAFFORD, PLLC
1020 Highland Colony Pkwy, Ste. 406
Ridgeland, Mississippi 39157
Telephone: (769) 524-2329 | Fax: (601) 608-7871
Email: jrouse@mcglinchey.com
        lroberts@mcglinchey.com

*Counsel for LASALLE CORRECTIONS,*
*LASALLE MANAGEMENT COMPANY, L.L.C,*
*LASALLE SOUTHEAST, LLC,*
*IRWIN COUNTY DETENTION CENTER,*
*and DAVID PAULK*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 10th day of October, 2023, a true and correct copy of the foregoing has been electronically filed with the clerk of court using the CM/ECF system, which will send Notice of Electronic filing to all counsel of record.

THIS, the 10th day of October, 2023.

*/s Deirdre C. McGlinchey*
DEIRDRE C. McGLINCHEY