**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

DAWN WOOTEN,                                        :
                                                   :
      **Plaintiff,**                                :
                                                   :
      v.                                    :       **CASE NO:  7:22-cv-148 (WLS)**
                                                   :
                                                   :
LASALLE CORRECTIONS, *et al.*,                     :
                                                   :
      **Defendants.**                              :
_____            :

## ORDER

Before the Court is the Plaintiff's Opposed Motion to Enlarge Time for Service of Summonses (Doc. 15) ("Extension Motion"), in which the Plaintiff requests the Court enlarge the time for service of summons for an additional thirty (30) days.[1] Defendants' Response in Opposition to Plaintiff's Motion for Enlargement of Time to Serve Summonses (Doc. 16) ("Response") was filed on behalf of all five Defendants, LaSalle Corrections, LaSalle Management Company, L.L.C., Irwin County Detention Center, and David Paulk (collectively, "Defendants"). Plaintiff filed a reply (Doc. 22), and the matter is ripe for decision. For the reasons stated below, and having fully considered the record and the arguments of counsel, whether specifically addressed below, the Court finds that the Plaintiff's Extension Motion will be **GRANTED**.

## I.    BACKGROUND

The Plaintiff's Complaint in Equity for First Amendment Violation (Doc. 1) ("Complaint")[2] was filed December 29, 2022, and the Extension Motion was filed March 24,

---

[1] The Plaintiff requests the thirty-day extension run from the date of the Court's decision, or thirty days from the existing deadline of March 28th to the new date of April 27, 2023, whichever is longer.

[2] On August 24, 2023, the Plaintiff filed a First Amended Complaint in Equity for First Amendment Violation (Doc. 38) ("Amended Complaint") which is not relevant to the service issues raised in Plaintiff's Extension Motion. The Court notes that by separate Order, the Defendants' motions to dismiss (Docs. 31, 32, 33, and 34) will be dismissed as moot based on the filing of the Amended Complaint.

2023. Pursuant to Federal Rule of Civil Procedure 4(m), the Plaintiff was required to serve the Defendants on or before Monday, March 29, 2023.

This case started off with service issues when Plaintiff's counsel failed to comply with the waiver of service requirements of Federal Rule of Civil Procedure 4(d), failed to serve certain Defendants' registered agents and/or attempted service by mail, which is not available in Georgia. (*See* Order Doc. 8 entered March 13, 2023, and Docs. 3, 4, and 5.)

As reflected in the Extension Motion, before the March 13, 2023 Order was entered, Plaintiff's counsel was attempting to correct the service issues. (*See* Doc. 15-2 at 3 (email correspondence between Plaintiff's counsel and process server dated March 9, 2023).) On March 21, 2023, the process server notified Plaintiff's counsel that all Defendants had been served with the Complaint and Summons. (Doc. 15 ¶ 2.) However, on March 22, 2023, Defendants' counsel informed Plaintiff's counsel that the Clerk's seal, signature, and date did not appear on the reissued summonses so service still was not properly executed. (Doc. 15 ¶¶ 3, 4; Doc. 15-1 at 1.) Plaintiff restarted the service process a third time to correct this error and filed the Extension Motion. (Doc. 15 ¶ 4.) To preserve their rights to raise service issues, Defendants were unwilling to agree to an extension of time for Plaintiff to complete service. (Doc. 15-1 at 2.) The Extension Motion was filed prior to the expiration of the ninety-day service deadline under Rule 4(m).

## II.   LAW

Federal Rule of Civil Procedure 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—*must* dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court *must* extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m) (emphasis added). It is well-settled that if a plaintiff establishes good cause for their failure to timely effect service, an extension is mandatory. *Hong-Diep Vu v. Phong Ho*, 756 F. App'x 881, 882 (11th Cir. 2018).

> While Fed. R. Civ. P. 4(m) [also] utilizes the language of command – "must" – [with respect to dismissing the action], the rule has been repeatedly interpreted in the United States Court of Appeals for the Eleventh Circuit to give district

> courts discretionary authority to grant an extension based on the factors outlined in Rule 4(m)'s advisory committee notes.

*Yaruro v. United State*, No. 7:22-CV-39 (WLS), 2023 WL 137458, at *3 (M.D. Ga. Jan. 9, 2023). Thus, where plaintiff is unable to establish good cause for an extension, a court must determine whether a discretionary extension of the deadline to effect service is appropriate. "In ruling on whether a discretionary extension is warranted, courts are encouraged to consider, *among other non-exhaustive factors*, whether the applicable statute of limitations would bar the refiled action, or if the defendant was evading service or concealing a defect in attempted service." *Id.* (emphasis added) (citing Fed. R. Civ. P. 4(m)'s advisory committee notes).

## III.   DISCUSSION

Plaintiff initially argued that she has shown good cause for the extension because, based on the information from her process server, Plaintiff believed service was completed on all Defendants by March 21, 2023. Alternatively, Plaintiff requests that the Court use its discretion to grant an extension of at least thirty days to allow the process servers to effect service and for Plaintiff to file proof of service. She states that failure to allow the additional time would be fatally prejudicial to Plaintiff because the two-year statute of limitations expired on December 31, 2022. Plaintiff's Complaint was filed December 29, 2022. Plaintiff contends that all of the Defendants received copies of the Complaint and summons between February 13, 2023 and February 22, 2023, albeit through a defective service process (by mail and without using registered agents when required). And Defendants received a second copy of the Complaint and an unissued summons by March 21, 2023. Therefore, Plaintiff argues that Defendants will not be prejudiced by the requested extension.

The Defendants object to the extension arguing that Plaintiff has not shown good cause for the delay in service. In her Reply, Plaintiff concedes that she cannot show good cause for the requested extension, because the failure to properly serve Defendants was due to her counsel's errors in failing to comply with the Federal Rules. (Doc. 22 at 2.). Therefore, the Court moves on to decide whether a discretionary extension of the deadline is appropriate.

The Defendants argue that the Court should not grant Plaintiff a discretionary extension. They correctly note that Plaintiff has not asserted that any of them attempted to

3

evade service. Defendants contend that Plaintiff has not sufficiently addressed the statute of limitations issue and, as a result, it is waived. In support, Defendants provide the following citations:

> *See, e.g., In re Trasylol Prod[s]. Liab. Litig.--MDL--1928*, 503 F. App'x 850, 857 (11th Cir. 2013) (finding conclusory mention of statute of limitations consideration did not merit discretionary extension of deadline); *see also Nelson v. Barden*, 145 F. App'x 303, 311 (11th Cir. 2005) (dismissal without prejudice was proper where defendant made no argument as to the applicability of statute of limitations upon refiling).

(Doc. 16 at 4.) Defendants argue that "Plaintiff has not explained why the statute of limitations ran on December 31, 2022, and thus, she has made no argument that refiling of the action would be impossible." Plaintiff's asserts in her Extension Motion that:

> This case was filed on the eve of the December 31, 2022, two-year statute of limitations, and Plaintiff would therefore be fatally prejudiced if additional time is not allowed. By contrast, there is no prejudice to Defendants.

(Doc. 15 ¶ 5.)

*Trasylol Products Liability Litigation* is clearly distinguishable from the current case.[3] In *Trasylol Products*, the Eleventh Circuit agreed with the district court's decision finding that plaintiffs' "cursory mention of a *possible* time-bar was not enough to require an extension." *In re Trasylol Prods. Liab. Litig.--MDL--1928*, 503 F. App'x 850, 857 (11th Cir. 2013) (emphasis added). However, what the Defendants here fail to mention in their Response is that the plaintiffs in *Trasylol Products* "merely asserted in a conclusory fashion that their cases '*most likely*' would be barred upon refiling." *Id.* (emphasis added). Further, *Trasylol Products* was a multidistrict litigation, involving multiple plaintiffs, and multiple statutes of limitations. It is obvious, once the facts of the case are known, that the district court in *Trasylol Products* needed additional detailed information regarding the various statutes of limitations in deciding whether it was appropriate to exercise discretion and extend a service deadline, and the district

---

[3] Neither does *Nelson v. Barden*, 145 F. App'x 303, 311 (11th Cir. 2005) support Defendant's position. In *Nelson*, after the *pro se* plaintiff had requested and been granted one extension of time to effect service, the district court adopted the recommendation of the magistrate judge and *sua sponte* dismissed the plaintiff's complaint for failure to prosecute because the record did not contain proof of service. *Nelson*, 145 F. App'x at 305. Although Nelson raised an issue in a motion to reconsider that defendants had "constructively" evaded service, there is no indication in the Circuit Court's opinion that Nelson even raised the expiration of a statute of limitations as a basis for the district court to grant him a discretionary extension of time to serve his complaint. *Id.* at 306.

court had already warned the Plaintiffs what information was needed to properly raise a statute-of-limitations argument. *Id.* The facts here are not nearly so complicated. The single Plaintiff here provided sufficient information stating the statute of limitations expired on December 31, 2022. As in *Yaruro*, "Plaintiff's Complaint was filed just [two (2)] days before the expiration of the statute of limitations on her claims. Therefore, if this Court were to dismiss Plaintiff's claims for failure to effect service of process pursuant to 12(b)(5), the applicable statute of limitations would bar the refiled action in federal court." *Yaruro*, 2023 WL 137458, at \*3. Therefore, the Court finds that this factor weighs in favor of a discretionary extension of the service of process deadline, because in the United States Court of Appeals for the Eleventh Circuit "there is a strong policy of determining cases on their merits." *Valdez v. Feltman (In re Worldwide Web Sys.)*, 328 F.3d 1291, 1295 (11th Cir. 2003).

Quizzically, Defendants argue in one sentence that Plaintiff has not shown that refiling her Complaint would be barred by the statute of limitations. However, in the very next sentence, they assert in a topic heading that "Plaintiff's First Amendment Retaliation claim is not valid, but even if it was, *the statute of limitations did not expire on December 31, 2022—it expired much earlier.*" (Doc. 16 at 5 (emphasis added).) The Defendants expand on that theme arguing over the next several pages of their Response that an extension of time is futile since the Complaint was filed too late. A response to a motion to extend time for service under Rule 4(m), is not the appropriate vehicle for Defendants to raise the affirmative defense of statute of limitations.[4] Therefore, the Court declines to address this argument, and Defendants' other arguments relating to the statute of limitations at this time.

As an additional basis for the Court to decline to exercise its discretion to extend the deadline, Defendants contend that Plaintiff has not been diligent to pursuing service of process. Citing "*Yaruro v. USA*, 7:22-cv-00039-WLS, Doc. 58 (Jan. 9, 2023) (dismissing untimely served claims and noting that the statute of limitations expired three days after the filing of the complaint)," Defendants criticize Plaintiff for waiting until two days before the

---

[4] It is generally agreed that affirmative defenses can be raised by a Rule 12(b)(6) motion to dismiss. Thus, Rule 12(b)(6) motions may be used to raise the defenses of the statute of limitations, . . . . However, for these defenses to be raised in a Rule 12(b)(6) motion to dismiss, the complaint must clearly show on its face that the affirmative defense is applicable and bars the action. If a Rule 12(b)(6) motion to dismiss based on an affirmative defense requires the use of matters outside the record, the motion must be treated as a Rule 56 motion for summary judgment, in accordance with the provisions of Rule 12(b). 61A Am. Jur. 2d Pleading § 480.

5

asserted statute of limitations expired before filing her suit. However, as noted above, the expiration of the statute of limitations weighed in favor of a discretionary extension of the service of process deadline. *Yaruro*, 2023 WL 137458, at *3. In denying a discretionary extension in *Yaruro*, this Court relied on that following facts: (1) there was nothing in the record showing that the defendants attempted to evade service, or concealed a defect in attempted service; (2) despite being put on notice that defendants would not waive service of process, plaintiff made no attempt to timely effect service of process until after the deadline to effect service of process expired; (3) despite being informed repeatedly by defense counsel that the service deadline has passed, plaintiff never inquired whether defendants would be willing to extend the service deadlines and never filed an appropriate motion for an extension for this Court's consideration; and (4) plaintiff delayed until her complaint was placed under threat of dismissal before arguing that a discretionary extension was appropriate.[5] *Yaruro*, 2023 WL 137458, at *4.

As is clear from the facts stated above, while it is accurate that Plaintiff failed twice to properly effect service, in both instances she immediately acted to correct the errors. Prior to the service deadline, Plaintiff requested an extension of time from Defendants' Counsel and from the Court. The Court finds that Plaintiff's efforts in promptly addressing the service issues weighs in favor of a discretionary extension.

Finally, Plaintiff contends, and Defendants do not dispute, that they received notice of the Complaint. The Court further notes that a joint motion requesting an extension of time for Defendants to respond to the Complaint was filed on April 6, 2023 (Doc. 21). The reason for the extension was to give the parties time to mediate this matter. The motion was granted extending Defendants' response deadline to July 5, 2023. (Docs. 23, 27 & 28). A joint motion requesting an extension of the response deadline until August 3, 2023, for purposes of continuing the mediation was also granted. (Docs. 29 & 30). Thus, there is no doubt that the Defendants have had notice of this matter, have been participating in this litigation, and will

---

[5] The *Yaruro* Court relied on other facts not pertinent to this case; *i.e.*, the fact that plaintiff did not attempt to discover the names or addresses of certain defendants until after the service of process deadline had already expired. *Yaruro*, 2023 WL 137458, at *4.

6

not be prejudiced by an extension of time for the Plaintiff to perfect service. *See, e.g., Horenkamp v. Van Winkle And Co.*, 402 F.3d 1129, 1133 (11th Cir. 2005)(affirming district court's decision to exercise its discretion to extend service deadline and noting that defendants received actual notice of the complaint where statute of limitations would bar refiling).

Here, while Plaintiff's efforts to effect service of process could have been better, her counsel acted promptly to correct her errors. On April 15, 2023, Plaintiff filed Summons Returned Executed as to each Defendant. (Doc. 26.)

## IV.   CONCLUSION

Based on the foregoing, the Court finds the Plaintiff's Extension Motion (Doc. 15) is well-taken. Accordingly, the Extension Motion (Doc. 15) is **GRANTED** to the extent that the deadline for Plaintiff to have served Defendants is extended thirty (30) days, or until April 27, 2023. The Defendants' Response in opposition (Doc. 16) is **OVERRULED**.

**SO ORDERED**, this 17th day of October 2023.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**