IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| DAWN WOOTEN, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | : CASE NO: 7:22-cv-148 (WLS) |
| LASALLE CORRECTIONS, *et al.*, | : |
| | : |
| Defendants. | : |
| _____ | : |

## **ORDER**

Pending before the Court are the following matters:

1. Defendants' Motion for Judgment Under Rule 54(b) (Doc. 47) ("54b Motion") filed on October 10, 2023, on behalf of Defendants LaSalle Southeast, L.L.C. ("LaSalle"), David Paulk ("Paulk"), and Irwin County Detention Center ("ICDC");

2. Motion to Stay (Doc. 48) filed October 10, 2023, on behalf of Defendants LaSalle, Paulk, ICDC, LaSalle Management Company, L.L.C. ("LS Management"), and LaSalle Corrections ("LS Corrections"); and

3. The Ex Parte Motion for Clarification of Filing Deadline and Status of Requested Judgments and Dismissal (Doc. 51) ("Motion to Clarify") filed on October 31, 2023, on behalf of Defendants LaSalle and Paulk.

On August 24, 2023, Plaintiff filed a First Amended Complaint for First Amendment and Statutory Retaliation (Doc. 38) ("Amended Complaint'). Therefore, as is the usual practice in this District, the Court entered an Order (Doc. 50) denying, as moot and without prejudice, the pending motions to dismiss that had been filed by LS Corrections and LS Management (Doc. 31), ICDC (Doc. 32), LaSalle (Doc. 33), and Paulk (Doc. 34) (Docs. 31-34 are referred to collectively as the "Denied Motions to Dismiss").

The Court further noted that on October 10, 2023, Defendants LaSalle, Paulk, LS Corrections, and LS Management had filed a Partial Motion to Dismiss Pursuant to Rule 12(b)(6) (Doc. 46) ("12b6 Motion"). (*See* Doc. 50 at 1.) The 12b6 Motion incorporated portions of some of the Denied Motions to Dismiss, and the Defendants were advised to

1

refile the 12b6 Motion setting out all arguments, including any portions of the Denied Motions to Dismiss that the Defendants wanted the Court to consider. The Court specified that "any portion of the [Denied] Motions to Dismiss not included in a new motion replacing the 12b6 Motion will not be considered by the Court." (*Id.*)

## I. THE 54b MOTION

In their 54b Motion,[1] LaSalle, ICDC, and Paulk contend that

> On September 19, 2023, in her Opposition to Defendants' [Denied Motions to Dismiss], Plaintiff stated as follows: "Plaintiff withdraws all claims against Irwin County Detention Center (ICDC) and the 5 USC § 701 et seq judicial review claim. The Bivens claim is asserted only against the Defendant Paulk." [Doc. 43] at p. 3, n. 1.

(Doc. 47 ¶ 6.) Based on this footnote in Plaintiff's opposition to the Denied Motions to Dismiss, Defendants "respectfully request that this Court dismiss with prejudice all claims against ICDC, the 5 U.S.C. § 701 judicial review claim against all Defendants, and the Bivens claim against all Defendants except David Paulk." (Doc. 47 ¶ 7.) The Plaintiff has not responded to the 54b Motion. However, neither have Defendants provided any authority on which this Court can or should dismiss claims based on Plaintiff's footnote in a response to a Denied Motions to Dismiss. Nor does the Court find "*that there is no just reason for delay*" in dismissing such claims so as to satisfy the requirements of Rule 54(b).

In the event Plaintiff desires to dismiss Defendants or claims from her Amended Complaint, the Federal Rules of Civil Procedure provide the mechanism to effect such amendments. Or, in a show of professionalism and courtesy among themselves and to the

---

[1] Rule 54(b) provides:

**(b) Judgment on Multiple Claims or Involving Multiple Parties**. When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, *the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay*. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b) (emphasis added).

Court, the Parties are encouraged to confer and submit a joint motion to amend the Amended Complaint.

     Accordingly, the 54b Motion (Doc. 47) is **DENIED**.

## II. THE MOTION TO STAY

     As Defendants noted in their Motion to Stay (Doc. 48 ¶ 6), Plaintiff's Amended Complaint added a claim for violation of statutory contractor whistleblower rights under 41 U.S.C. § 4712. The Defendants acknowledge that

> [A]djudication of [the § 4712 claim] is not appropriate under Rule 12(b)(2) or Rule 12(b)(6) and will require a separate answer by Defendants. However, [Defendants assert that] if one or any of the claims addressed in Defendants' various [Denied] Motions to Dismiss is resolved, answering the First Amended Complaint with respect to those claims will be unnecessary.

(Doc. 48 ¶ 10.) Defendants, however, request the Court "stay" the time within which they are required to answer this claim until the Court rules on the now Denied Motions to Dismiss. The Defendants state that the Eleventh Circuit is split as to whether the filing of a partial dispositive motion (presumably referring to their 12b6 Motion) automatically stays the time to answer other counts in a complaint. The Defendants provide citations to cases with opposite outcomes,[2] but do not provide any discussion or analysis as to why this case presents an instance which justifies staying the deadline for them to answer the § 4712 claim contained in the Amended Complaint. It is not the Court's responsibility to complete the analysis and arguments that should be provided by counsel. *See Chavez v. Sec'y Fla Dept. of Corr.*, 647 F.3d 1057, 1061 (11th Cir. 2011) (Judges are "not like pigs, hunting for [buried] truffles.").

---

[2] *See* Doc. 48 ¶ 11 stating:

> *Compare Beaulieu v. Bd. of Trs. of Univ. of W. Fla.*, No. 307-cv-30-RV-EMT, 2007 WL 2020161, at *2 (N.D. Fla. July 9, 2007) ("a party need not file an answer while a partial motion to dismiss is pending") with *Coca-Cola Fin. Corp. v. Pure Tech Plastics LLC*, 1:12-CV-00949-SCJ, 2012 WL 13162768 (N.D. Ga. July 9, 2012) ("*Although there may be some instances when a partial motion to dismiss extends the time to answer all counts, this case does not present such an instance.*")

*Id.* (emphasis added).

Again, there is nothing prohibiting the parties from conferring and coming to an agreement as to an extension of time for Defendants to answer claims contained in the Amended Complaint where adjudication of such claims is not appropriate under Rule 12.

Accordingly, the Motion to Stay (Doc. 48) is **DENIED**, without prejudice.

### III.   MOTION TO CLARIFY

In their Motion to Clarify Defendants LaSalle and Paulk request clarification regarding a deadline to refile the Denied Motions to Dismiss and the 12b6 Motion. LaSalle and Paulk further requested clarification on the status of the 54b Motion. LaSalle and Paulk state:

> 9.  Defendants intend to address all of the allegations in the First Amended Complaint that were previously addressed.
>
> 10. In the interest of judicial economy and efficiency, Defendants do not wish to duplicate the briefing previously made in the Rule 54(b) Motion for Judgment.

(Doc. 51 ¶¶ 9, 10.) As reflected above, Defendants' 54b Motion is denied by this Order and no further clarification is needed as to that motion. The Motion to Clarify is **GRANTED** to the extent that the Court will set a deadline for all Defendants to refile the Denied Motions to Dismiss or the 12b6 Motion as required by the October 17, 2023 Order (Doc. 50.)

### IV.   CONCLUSION AND SUMMARY

Based on the foregoing, it is hereby **ORDERED** that:

1. The Motion for Judgment Under Rule 54(b) (Doc. 47) is **DENIED**.

2. The Motion to Stay (Doc. 48) is **DENIED** without prejudice. Unless otherwise agreed to by the Parties in a consent order tendered to the Court on or before **Thursday, November 9, 2023**, the Defendants shall file their answer to allegations of the Amended Complaint for which Rule 12 motions are not appropriate on or before **Thursday, November 16, 2023**.

3. The Ex Parte Motion for Clarification of Filing Deadline and Status of Requested Judgments and Dismissal (Doc. 51) is **GRANTED IN PART**. On or before **Thursday, November 16, 2023**, the Defendants may refile any Denied Motions to Dismiss or the 12b6 Motion as required by the October 17, 2023 Order. The deadlines to respond

4

and/or reply to such refiled motions, if any, shall be governed by the Local Rules of this District. *See* M.D. Ga. L.R. 7.2, 7.3.[3]

**SO ORDERED**, this 3rd day of November 2023.

                                                                       **/s/W. Louis Sands**
                                                                       **W. LOUIS SANDS, SR. JUDGE**
                                                                       **UNITED STATES DISTRICT COURT**

---

[3] In the Motion to Clarify, the Defendants note that "In the absence of any altered deadlines, the current deadline for Plaintiff to respond to the [12b6 Motion] is October 31, 2023[.]" (Doc. 51 ¶ 11.) The Defendants request that "[p]ending resolution of [the Motion to Clarify], . . . that Plaintiff be relieved of her obligation to respond to the pending [12b6 Motion]." (*Id.* at ¶ 12.) The Motion to Clarify reflects that the Defendants intend to refile the 12b6 Motion (Doc. 46). As such, concern over the deadline for Plaintiff to respond to such motion is unnecessary.