# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

**DAWN WOOTEN,**

 *Plaintiff,*

**VS.**              **CIVIL ACTION NO. 7:22-cv-00148-WLS**

**LASALLE MANAGEMENT COMPANY, L.L.C, LASALLE SOUTHEAST, LLC,** and **DAVID PAULK,** an individual,

 *Defendants.*

---

### DEFENDANTS LASALLE SOUTHEAST, LLC, AND DAVID PAULK'S RULE 12(b)(6) MOTION TO DISMISS

---

 **COME NOW,** Defendants LaSalle Southeast, LLC ("LaSalle SE"), and David Paulk, and file this *Rule 12(b)(6) Motion to Dismiss,* as to the *Second Amended Complaint* [Doc. 55] filed by Plaintiff Dawn Wooten for failure to assert facts sufficient to establish a cause of action. In support thereof, Defendant states as follows:

 1. Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, LaSalle SE and David Paulk respectfully move this Court to dismiss the *Second Amended Complaint*.

 2. Plaintiff initiated this lawsuit on December 29, 2022, alleging discrimination and retaliation in violation of Ms. Wooten's First Amendment rights, alongside a claim for liability under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). [Doc. 1].

3.      On August 24, 2023, Plaintiff filed her First Amended Complaint, which maintained each of her original causes of action and alleged an additional claim under 41 U.S.C. § 4712. [Doc. 38].

4.      On November 16, 2023, Plaintiff amended her Complaint a second time, which removed two previously named defendants, withdrew two causes of action, and limited her claim for relief under *Bivens* to only be asserted against Mr. Paulk.

5.      Ms. Wooten's First Amendment claims are based on alleged retaliation for her demotion on July 2, 2020, related to whistleblower activity in which she began publicly engaging on September 8, 2020. As alleged, these claims fail as a matter of law.

6.      First, Ms. Wooten has stated no employment retaliation in violation of the First Amendment because she was not a public employee and LaSalle SE is not a public entity that employed her or restricted her speech.

7.      In any case, any claim for retaliation alleged by Ms. Wooten must fail because the protected activity alleged began on September 8, 2020, at the earliest. The only cognizable adverse action alleged occurred on July 2, 2020, before her alleged protected activity took place.

8.      Ms. Wooten also has not sufficiently alleged that she was constructively discharged because she has not alleged an affirmative act by LaSalle SE establishing a constructive discharge.

9.      Even if properly alleged, the adverse actions alleged by Ms. Wooten took place at least two years and four months prior to the filing of this action, meaning her claims are time-barred under the applicable statute of limitations.

10.     Ms. Wooten's claim under 41 U.S.C. § 4712 also fails as a matter of law.

11. For the same reasons as set forth above, Ms. Wooten has still not alleged that she was constructively discharged for purposes of her claim under 41 U.S.C. § 4712.

12. Ms. Wooten has also failed to properly allege that the statements she made were to a management official "with responsibility to investigate, discover, or address misconduct" or that her statements were a "contributing factor" to her demotion.

13. Ms. Wooten also has no available claim for damages under *Bivens* against David Paulk because that type of claim does not extend to a First Amendment retaliation claim, nor would it apply to Mr. Paulk, as a private individual employed by a private entity, LaSalle SE.

14. Additionally, Ms. Wooten's claim under *Bivens* fails because she has an alternative remedy for recovery.

15. In support of this Motion, LaSalle SE relies on and directs the Court to the accompanying *Memorandum in Support* filed herewith.

For the reasons set forth herein, Defendants LaSalle SE and David Paulk respectfully request that their *Motion to Dismiss* be granted and that Plaintiff's *Second Amended Complaint* be dismissed with prejudice and at Plaintiff's costs.

THIS, the 8th day of December, 2023.

                                  Respectfully submitted,

                                  **LASALLE SOUTHEAST, LLC**

                                  By:   s/ Deirdre C. McGlinchey
                                        Deirdre C. McGlinchey
                                        One of their Attorneys

**OF COUNSEL:**

DEIRDRE C. MCGLINCHEY (*Pro Hac Vice*)
Louisiana Bar Roll #24167
MAGDALEN BLESSEY BICKFORD (*Pro Hac Vice*)
Louisiana Bar Roll #17472
ANDREW M. ALBRITTON (*Pro Hac Vice*)
Louisiana Bar Roll #39780
McGLINCHEY STAFFORD, PLLC
601 Poydras Street, 12th Floor
New Orleans, Louisiana 70130
Telephone (504) 586-1200 | Fax: (504) 596-2800
Email: dmcglinchey@mcglinchey.com;
      mbickford@mcglinchey.com;
      aalbritton@mcglinchey.com
and

JOHN T. ROUSE (GA Bar No. 868514)
LINDSAY K. ROBERTS (Pro Hac Vice)
MS Bar No. 105723
McGLINCHEY STAFFORD, PLLC
1020 Highland Colony Pkwy, Ste. 406
Ridgeland, Mississippi 39157
Telephone: (769) 524-2329 | Fax: (601) 608-7871
Email: jrouse@mcglinchey.com
      lroberts@mcglinchey.com
*Counsel for LaSalle Southeast, LLC.*

5

**CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of December, 2023, a true and correct copy of the foregoing has been electronically filed with the clerk of court using the CM/ECF system, which will send Notice of Electronic filing to all counsel of record.

THIS, the 8th day of December, 2023.

                                              */s Deirdre C. McGlinchey*
                                              DEIRDRE C. McGLINCHEY