# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| DAWN WOOTEN., : | |
| : | |
| Plaintiff, : | |
| v. : | CASE NO.: 7:22-CV-00148 (WLS) |
| : | |
| LA SALLE CORRECTIONS, *et al.*, : | |
| : | |
| Defendants. : | |
| : | |

## ORDER

Before the Court is Defendant LaSalle Management Company's ("Defendant LaSalle Management") Motion for Protective Order ("the Motion for Protective Order") (Doc. 72). Therein, Defendant LaSalle Management asks the Court to enter a protective order limiting the scope of discovery to jurisdictional issues. For the reasons discussed below, the Motion is **DENIED**.

## I. PROCEDURAL HISTORY

The above-captioned action was filed on December 29, 2022. (Doc. 1). On December 8, 2023, Defendant Irwin County Detention Center, Defendant LaSalle Southeast, and Defendant David Paulk filed a Motion to Dismiss (Doc. 57) under Rule 12(b)(6). The same day, Defendant LaSalle Management filed its own Motion to Dismiss (Doc. 56). Defendant LaSalle Management moved to dismiss Plaintiff's claims against it under Rule 12(b)(2) and joined the other Defendants' motion to dismiss under Rule 12(b)(6). On October 24, 2024, the Court issued an Order (Doc. 71) resolving the pending motions to dismiss (Docs. 56 & 57). In that Order, the Court dismissed Plaintiff's First Amendment claim, but denied Defendants' motion to dismiss Plaintiff's claim under 41 U.S.C. § 4712.

As to Defendant LaSalle Management's motion to dismiss under Rule 12(b)(2), the Court found that jurisdictional discovery was appropriate as to the issue of whether the Court has personal jurisdictional over Defendant for three reasons. (*See* Doc. 71 at 2–3). First, Defendant LaSalle and its associated/affiliated family of companies are privately held, with

little publicly available information. (*Id.*) Second, there is a significant evidentiary asymmetry between Plaintiff and Defendant LaSalle Management, an advantage Defendant LaSalle Management sought to press in its Motion to Dismiss by asking the Court not to consider any evidence Plaintiff offered in support of the Court's jurisdiction. (*Id.*) Third, to the extent that the Court might accept Plaintiff's evidence, there were significant disputes of fact between Defendant LaSalle Management and Plaintiff.

The Court therefore authorized jurisdictional discovery and deferred its ruling on Defendant LaSalle Management's 12(b)(2) motion until such jurisdictional discovery had been completed. (Doc. 71 at 3). The Court allowed limited jurisdictional discovery as to the following issues:

(1) The factual assertions in Defendant LaSalle Management's 12(b)(2) Motion to Dismiss;

(2) The extent of Defendant LaSalle Management's relationship to other LaSalle Corrections entities, ICDC facility staff, and ICDC management; and

(3) Defendant LaSalle Management's contracts to house detainees. (*Id.*)

Such discovery is to be completed by **Monday, December 16, 2024**, unless otherwise ordered by the Court.

**II.    LAW AND ANALYSIS**

Under Rule 26, "[a] party . . . from whom discovery is sought may move for a protective order . . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense[.]" Fed. R. Civ. P. 26(c)(1). To evaluate whether the moving party has shown good cause for a protective order under Rule 26, courts employ a balancing test: weighing a "party's interest in obtaining access to the discovery against the other party's interest in keeping the information confidential." *Chicago Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1313 (11th Cir. 2001) (citing *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985)). Defendant LaSalle Management contends that "Plaintiff's Intended Discovery is Beyond the Scope of this Court's Order[.]" (Doc.72-1 at 5). Specifically, Defendant LaSalle Management objects to an email Plaintiff's Counsel sent to Defense Counsel broadly outlining the jurisdictional discovery sought. (Doc. 72-1 at 5–6).

Having reviewed the objected-to-request and the Parties' submissions, the Court does not find good cause for a protective order. Plaintiff's requests are entirely consistent with the Court's Order, which includes discovery as to the factual assertions raised in the Motion to Dismiss under Rule 12(b)(2). In that Motion (Doc. 56), Defendant LaSalle Management asserts facts that, according to it, show that it has insufficient minimum contacts with the state of Georgia to support personal jurisdiction. As Plaintiff correctly points out, the scope of Rule 26, which governs even jurisdictional discovery, is broad. Any matter which goes to show the extent of Defendant LaSalle Management's contacts with the state of Georgia is therefore fair game. The extent to which that matter might overlap with general discovery has little impact. Accordingly, the Court finds that the matters Plaintiff seeks to inquire into are well-within the scope of discovery authorized by the Court's Order setting the terms of jurisdictional discovery. Defendant LaSalle Management's Motion for Protective Order (Doc. 72) is therefore **DENIED**. Defendant LaSalle Management is **ORDERED** to comply with Plaintiff's requested discovery, as described in Exhibit C of their Motion, **immediately**.

**SO ORDERED**, this 15th day of November 2024.

    **/s/ W. Louis Sands**
    **W. LOUIS SANDS, SR. JUDGE**
    **UNITED STATES DISTRICT COURT**