**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

**DAWN WOOTEN,**

    *Plaintiff,*

**VS.**                                                          **CIVIL ACTION NO. 7:22-cv-00148-WLS**

**LASALLE MANAGEMENT COMPANY,**
**L.L.C, LASALLE SOUTHEAST, LLC,**
and **DAVID PAULK,** an individual,

    *Defendants.*

---

**MEMORANDUM IN SUPPORT OF LASALLE MANAGEMENT COMPANY, L.L.C.'S MOTION FOR PROTECTIVE ORDER AND TO QUASH DEPOSITION OF WILLIAM McCONNELL**

---

    **COMES NOW**, Defendant, LASALLE MANAGEMENT COMPANY, L.L.C. ("LaSalle Management"), specially appearing to respectfully move this Honorable Court to issue a protective order quashing the unilaterally-noticed, proposed deposition of William McConnell, on the basis that this proposed deposition is an improper attempt to immediately depose a high-level executive without attempting any preliminary discovery or exhausting other, less intrusive methods of discovery to obtain the relevant jurisdictional information sought, which is unduly burdensome and oppressive by nature. In support thereof, LaSalle Management states as follows:

**I.      PROCEDURAL AND FACTUAL BACKGROUND**

    On December 8, 2023, LaSalle Management filed a Motion to Dismiss Pursuant to Rule 12(b)(2) and 12(b)(6), arguing that this Honorable Court lacks personal jurisdiction over it because LaSalle Management does not have sufficient minimum contacts with the state of Georgia that would subject it to such jurisdiction. [Doc. 56]. Shortly thereafter, defendants LaSalle Southeast,

LLC, and David Paulk filed a Motion to Dismiss pursuant to Rule 12(b)(6), in which LaSalle Management conditionally joined, based on the fact that the legal arguments contained therein applied equally to LaSalle Management. [Doc. 57].

On September 10, 2024, this Court entered an Order granting in part and denying in part LaSalle Southeast's Motion. [Doc. 71]. That Order dismissed with prejudice all causes of action arising under the First Amendment, but maintained Plaintiff's claims for relief under 41 U.S.C. § 4712. *Id.* at 13, 20. At the same time, without deciding the merits of LaSalle Management's personal jurisdiction motion and on request of Plaintiff, this Court ordered "limited jurisdictional discovery so it can make a ruling on Defendant LaSalle Management's 12(b)(2) Motion to Dismiss." *Id.* at 3. That Order authorized discovery including "four (4) depositions, ten (10) interrogatories, and ten (10) requests for admission." *Id.*

During the jurisdictional discovery period, Plaintiff has exclusively sought discovery through depositions, and namely depositions of three deponents: Dr. Pamela Hearn, Rodney Cooper, and William McConnell. Plaintiff has not served any interrogatories or requests for admission which could have arguably given the Plaintiff direction of which individuals would best identify the issues and  to serve as deponents best suited for testimony on jurisdiction discovery . Defendant has cooperated with the depositions of Rodney Cooper and Dr. Pamela Hearn, which are currently set for December 10 and 11, 2024 respectively. On December 6, 2024, Plaintiff's counsel sent an e-mail indicating that "[T]ime is up on McConnel. We will expect his availability on December 13, 2024 at 10am EST unless you get a protective order befoe then." [sic].[1] Counsel for Defendant responded that the proposed date was not available and the parties would to get together to pick a mutually convenient date and time, to which Plaintiff's counsel responded that

---

[1] Exhibit A – 12/6/24 Email Chain.

Plaintiff would be "issuing a notice as I have indicated, subject to your written stipulation for an earlier date and time."[2] Counsel for Defendant then informed Plaintiff's counsel on December 9, 2024, that the deposition of Mr. McConnell was procedurally improper for the reasons set forth herein, offering Plaintiff the opportunity to seek other discovery and even offering to consent to an extension of time to complete such discovery.[3] Despite this good faith effort by LaSalle Management to confer, Plaintiff's counsel declined and indicated Plaintiff's intent to move forward with the deposition, issuing a Notice of Deposition for December 13, 2024.[4]

Regardless of the scheduling issues with this proposed deposition caused by Plaintiff's counsel's unilateral scheduling of Mr. McConnell's deposition without considering the schedules of the deponent or counsel, for the reasons set forth below, this proposed deposition is an improper discovery tactic that is forbidden by precedent and is both overly oppressive and unduly burdensome. Mr. McConnell is a high-ranking executive, and in fact, is the highest-ranking executive at LaSalle Management. This deposition is improperly sought and should be quashed as both oppressive and unduly burdensome on Defendant for that reason.

## II.    LAW AND ARGUMENT

Rule 26(c) governs the issuances of protective orders in discovery. A Court may "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). In general, a protective order may be issued when, after the movant certifies that a good faith effort to confer with the other parties has been made, and upon a showing of good cause, such an order is necessary to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(c). As

---

[2] *Id.*
[3] Exhibit B – 12/9/24 Email Chain.
[4] Exhibit C – Notice of Deposition of William McConnell.

demonstrated below, good cause exists to grant Defendant's proposed protective order. Further, counsel has attempted to resolve this dispute without Court intervention, unfortunately to no avail.

As previously noted, Mr. McConnell is the Managing Member of LaSalle Management and the highest-ranking executive. When faced with a request to depose a corporation's high ranking executives, district courts "generally restrict the deposition of high-ranking executives unless the party seeking to depose the executive establishes: (1) the executive has unique, non-repetitive, firsthand knowledge of the facts at issue; and (2) other less intrusive means of discovery, such as interrogatories and depositions of other employees, have been exhausted without success." *Spearman v. Broker Sols., Inc.*, No. 1:20-CV-04981-CAP, 2022 WL 1715965, *9 (N.D. Ga. Jan. 10, 2022) (internal quotes omitted). *See also Watts v. Parr*, No. 1:18-CV-079 (LAG), 2019 WL 13175550, *2 (M.D. Ga. Oct. 24, 2019) ("absent extraordinary circumstances, courts will not permit the deposition of a high-ranking corporate or government official" without proof that the official has "unique or superior knowledge of discoverable information that cannot be obtained by other means.")

In this instance, Plaintiff seeks to circumvent the requirements of the Federal Rules and established precedent by seeking the deposition of LaSalle Management's highest-ranking executive without seeking *any* other discovery first. Plaintiff has not yet "exhausted without success" any less intrusive means of discovery; in fact, Plaintiff has not served a *single* interrogatory, request for production or request for admission, as authorized by this Court's Order, to seek information regarding the jurisdictional issues in this case. Plaintiff has not attempted to find out who, if anyone, within LaSalle Management may have had contact with or knowledge of the claims made by Ms. Wooten, and she has not attempted to seek corporate information about

the company from anyone else within the company. Instead, Plaintiff went straight to the top of the company to attempt to depose its highest-ranking executive.

On information and belief, plaintiffs will seek to question Mr. McConnell regarding "the factual assertions raised in the Motion to Dismiss under Rule 12(b)(2)[;]" which includes "the extent of Defendant LaSalle Management's contacts with the state of Georgia" and "LaSalle Management's contracts to house detainees."[5] No factual information that Mr. McConnell may possess regarding the corporate structure of LaSalle Management, its relationship with the state of Georgia, its knowledge of the claims of Ms. Wooten, or any contracts (if any) it is party to regarding the housing of detainees, constitutes "unique or superior knowledge of discoverable information that cannot be obtained by other means." *Watts* 2019 WL 13175550 at *2. Mr. McConnell does not have unique knowledge of Ms. Wooten's claims that could not be obtained from another employee, such as a human resources professional or other manager. In fact, Plaintiff could quite easily have noticed the depositions of the two individuals who signed affidavits regarding the jurisdictional issues raised in support of its Motion to Dismiss Pursuant to Rule 12(b)(2), Sharon Bennett and Joan Whitley,[6] sent other discovery to obtain the information sought, or noticed a corporate deponent under Rule 30(b)(6). She has failed to do so.

And finally, despite being instructed by counsel that the schedules of the deponent and counsel were in conflict for the proposed deposition date, Plaintiff's counsel still indicated his intent to move forward with the unilaterally-noticed deposition. Accordingly, and for all the reasons set forth above, Defendants request that this Court issue a Protective Order quashing the proposed deposition of Mr. McConnell, on the basis that it attempts to depose a high-ranking executive improperly, placing an oppressive, undue burden on LaSalle Management.

---

[5] *See* [Doc. 75], Order Denying Motion for Protective Order (clarifying the scope of jurisdictional discovery).
[6] *See* [Docs. 56-2, 56-3].

### III.    CONCLUSION

For the reasons set forth in its *Memorandum in Support of Motion to Quash*, filed contemporaneously herewith, Defendant LaSalle Management Company, L.L.C., respectfully requests that this Court enter a protective order quashing the unduly burdensome and oppressive proposed deposition of Mr. McConnell as an improper attempt to immediately depose a high-level executive without attempting any preliminary discovery or exhausting other, less intrusive methods of discovery to obtain the relevant jurisdictional information sought.

THIS, the 9th day of December, 2024.

Respectfully submitted,

**LASALLE MANAGEMENT COMPANY, L.L.C.**

By:    *s/Deirdre C. McGlinchey*
          Deirdre C. McGlinchey
          One of its Attorneys

**OF COUNSEL:**

DEIRDRE C. MCGLINCHEY (*Pro Hac Vice*)
Louisiana Bar Roll #24167
MAGDALEN BLESSEY BICKFORD (*Pro Hac Vice*)
Louisiana Bar Roll #17472
ANDREW M. ALBRITTON (*Pro Hac Vice*)
Louisiana Bar Roll #39780
McGLINCHEY STAFFORD, PLLC
601 Poydras Street, 12th Floor
New Orleans, Louisiana 70130
Telephone (504) 586-1200 | Fax: (504) 596-2800
Email: dmcglinchey@mcglinchey.com;
      mbickford@mcglinchey.com;
      aalbritton@mcglinchey.com
and

JOHN T. ROUSE (GA Bar No. 868514)
McGLINCHEY STAFFORD, PLLC
1020 Highland Colony Pkwy, Ste. 406
Ridgeland, Mississippi 39157
Telephone: (769) 524-2329 | Fax: (601) 608-7871
Email: jrouse@mcglinchey.com

*Counsel for LaSalle Management Company, L.L.C.*

7

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of December, 2024, a true and correct copy of the foregoing has been electronically filed with the clerk of court using the CM/ECF system, which will send Notice of Electronic filing to all counsel of record.

THIS, the 9th day of December, 2024.

*/s Andrew M. Albritton*
ANDREW M. ALBRITTON