IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| DAWN WOOTEN, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | CASE NO.: 7:22-CV-000148 (WLS) |
| | : | |
| LA SALLE CORRECTIONS, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## ORDER

Before the Court is Defendant LaSalle Management's Motion for Protective Order and to Quash Deposition of William McConnell ("Motion for Protective Order") (Doc. 76). For the reasons discussed below, the Motion is **DENIED**.

## I.    PROCEDURAL BACKGROUND

As background, the Court entered an Order on September 10, 2024, which, *inter alia*, granted Plaintiff's Motion to allow limited jurisdictional discovery into "the factual assertions in Defendant LaSalle Management's 12(b)(2) Motion to Dismiss (Doc. 56); the extent of Defendant LaSalle's relationship to other LaSalle corrections entities, ICDC facility staff, and ICDC management; and Defendant LaSalle Management's contracts to house detainees." (Doc. 71 at 3). To accomplish this, Defendant LaSalle Management and Plaintiff were each allowed four depositions, ten interrogatories, and ten requests for admission. Such discovery was to be completed no later than **Monday, December 16, 2024**.

On October 24, 2024, Defendant LaSalle Management filed a Motion for Protective Order (Doc. 72) objecting to the scope of discovery, as proposed by Plaintiff's Counsel in an email, which was attached to the Motion as Exhibit C. (Doc. 72). The Court issued an Order (Doc. 75) denying that Motion for Protective Order on November 15, 2024. In that Order, the Court ordered Defendant LaSalle Management "to comply with Plaintiff's requested discovery, as described in Exhibit C of their Motion, **immediately**." (Doc. 75 at 3).[1]

---

[1] Plaintiff suggests that the Court has explicitly authorized the deposition of Mr. McConnell in that Order because his name was mentioned in passing in Exhibit C of the Motion for Protective Order.

On December 9, 2024, Defendant LaSalle Management filed the instant Motion for Protective Order (Doc. 76) to quash the deposition of Mr. McConnell noticed for this Friday, December 13, 2024. Plaintiff filed a Response (Doc. 77) on December 10, 2024. Although no reply has been filed, the Court finds it appropriate to rule on the Motion without such a reply given the imminence of the deposition at issue.

## II.    LAW AND ANALYSIS

As an initial matter, the Court need not reach the merits of Defendant LaSalle Management's argument, because its objection to Plaintiff's deposition of Mr. McConnell was not timely raised. Generally, if a party fails to make a timely objection to discovery requests, such objections are waived. *United Steelworker of Am., AFL-CIO-CLC v. Ivaco*, No. 1:01-CV-0426, 2002 WL 31932875, at *4 (N.D. Ga. Jan. 13, 2003) (citing *Marx v. Kelly, Hart & Hallman, P.C.*, 929 F.2d 8, 12 (1st Cir. 1991); *In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989)); *Woodward v. Hoffmann-La Roche, Inc.*, No. 04-80506-CIV, 2007 WL 9747859, at *2 (S.D. Fla. Nov. 5, 2007) ("Objections not timely raised are waived.") (citing *Autotech Techs. Ltd. P'ship v. Automationdirect.Com*, 236 F.R.D. 396, 398 and n.2 (N.D. Ill. 2006)).

Defendant LaSalle Management received notice that Plaintiff sought to depose Mr. McConnell on September 26, 2024. (Doc. 77-2 at 1) ("[W]e will notice the Zoom deposition of LaSalle co-founder William McConnell on October 3, 4, 10 or 11. The duration will be 2 to 3 hours estimated. Please select a date and any start time you want . . . ."). It appears that over the next two months, Defendant LaSalle Management consistently failed to provide a firm date for Mr. McConnell's deposition, despite multiple prompts to do so. (*See* Doc. 77-3 at 2) (On October 1, 2024, "Hi folks, any update on Rev. McConnell dates?"); (Doc. 77-6 at 1) (On November 21, 2024, "I am working with Thad on this matter and he asked me to check in with you on getting dates for the three proposed deponents, since the court denied the Motion for Protective Order."); (Doc. 77-7 at 2) ("[W]e will issue notices for Dec. 10th at 9:00

---

However, Defendant LaSalle Management's Motion challenged the scope and general objectives of discovery, rather than any specific discovery sought. Indeed, as the Court will discuss below, Defendant LaSalle specifically represented that it did not seek to quash Plaintiff's requested depositions—including Mr. McConnell's. The Court approved of the contents of the email only to the extent it described the general scope of discovery, rather than issuing a ruling as to the particular deposition of Mr. McConnell.

am CST for Mr. Cooper and Dec. 11th at 9:00 am CST for Dr. Hearn. Please let us know Mr. McConnell's availability soonest [sic].") By December 6, 2024, without a firm response on Mr. McConnell's availability, Plaintiff's Counsel informed Defense Counsel that they would notice a deposition for Mr. McConnell for December 13, 2024, at 10 A.M. EST. (*See* Doc. 77-8 at 1) ("Hi Andrew, time is up on McConnel [sic]. We will expect his availability on December 13, 2024 at 10am EST unless you get a protective order before then."). From these exchanges, it is clear to the Court that Defendant had ample notice that Plaintiff sought to depose Mr. McConnell throughout the pendency of the discovery period.

Critically, Defendant LaSalle Management has already represented to the Court that it did not object to Plaintiff's deposition of Mr. McConnell despite the issue being raised in Plaintiff's Response to Defendant LaSalle Management's first Motion for Protective Order (Doc. 74). In responding to the Motion for Protective Order, Plaintiff made specific arguments in favor of deposing Mr. McConnell. (Doc. 72 at 2–3). Defendant LaSalle Management responded:

> Plaintiff's Opposition appears to interpret LaSalle Management's relief as a limitation on the depositions proposed by Plaintiff . . . . Plaintiff confusingly argues that these depositions are reasonable because they are noticed "for durations of two to three hours each," which is neither referenced in the Court's Order authorizing jurisdictional discovery nor relevant to the issue of subject matter.

> Defendant does not seek to quash the depositions proposed by Plaintiff's counsel and in fact has been working with Plaintiff's counsel to schedule those depositions.

(Doc. 74 at 2). Based on this exchange, the Court finds that the issue of Mr. McConnell's deposition was properly raised by Plaintiff, and Defendant LaSalle Management acknowledged the challenge and indicated that it did not oppose the deposition.

Now, five days before the deposition is scheduled, and seven days before the expiry of the discovery period, Defendant LaSalle Management raises a substantive objection to Plaintiff's taking the deposition of Mr. McConnell, despite having notice throughout the pendency of the discovery period that Plaintiff intended to take Mr. McConnell's deposition and having the opportunity to challenge the deposition and declining to do so. Defendant

LaSalle Management has made no showing upon which the Court could find good cause for such a delay in raising an objection to Mr. McConnell's deposition. As such, the Court finds that Defendant LaSalle Management has waived its objection to Mr. McConnell's deposition by failing to timely raise it, and, for that reason alone, Defendant LaSalle Management's Motion for Protective Order should be denied.

Even were the Court to treat Defendant LaSalle Management's objection as timely raised, the Court is unpersuaded that a protective order is warranted to prevent Plaintiff's taking of Mr. McConnell's deposition. Federal Rule of Civil Procedure 26(c) provides that a court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." This includes an order forbidding a particular deposition. Fed. R. Civ. P. 26(c)(1)(A). However, "[i]t is very unusual for a court to prohibit the taking of a deposition altogether and absent extraordinary circumstances, such an order would likely be in error." *In Re Mentor Corp. Obtabe Transobturator Sling Prods. Liab. Litig.*, No. 4:08-MD-2004, 2009 WL 4730321, at *1 (M.D. Ga. Dec. 1, 2009) (quoting *Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979)). Defendant LaSalle Management contends that Mr. Mconnell, as a high-ranking executive, is exempt from deposition, unless Plaintiff first attempts preliminary discovery or attempts less intrusive methods of discovery to obtain the relevant jurisdictional information sought.

The apex doctrine authorizes a district court to "bar a deposition of a high level executive who lacks unique or personal knowledge related to the case." *Lewis v. Lowes Home Ctrs. LLC*, No. 1:23-CV-8, 2023 WL 10947360, at *2 (M.D. Ga. Oct. 24, 2023) (quoting *In Re Mentor Corp.*, 2009 WL 4730321, at *1). For the apex doctrine to apply, the Court must first determine whether "an official is sufficiently high ranking to merit protection from giving a deposition." (*Id.*) (quoting *In Re Mentor Corp.*, 2009 WL 4730321, at *1).[2] If so, "the party seeking the deposition must demonstrate that the official has 'unique or superior knowledge

---

[2] The Court declines to adopt Defendant LaSalle Management's proffered apex doctrine test in favor of the test that has been employed by other courts in this district. *See e.g., Spearman v. Broker Sols., Inc.*, No. 1:20-CV-4981, 2022 WL 1715965, at *9 (N.D. Ga. Jan. 10, 2022) ("(1) the executive has unique, non-repetitive, firsthand knowledge of the facts at issue, and (2) other less intrusive means of discovery, such as interrogatories and depositions of other employees, have been exhausted without success." (internal quotations removed)).

of discoverable information' that cannot be obtained by other means." *Id.* (quoting *In Re Mentor Corp.*, 2009 WL 4730321, at *1). Ordinarily, the apex doctrine bars depositions "where an executive's only connection with the matter is the fact that he is the defendant corporation's CEO, with no direct involvement in or knowledge of the issues giving rise to the action[.]" *In Re Mentor Corp.*, 2009 WL 470321, at *1. But "where conduct and knowledge of the highest corporate levels are relevant in the case, a deposition of the executive is generally permitted." *Id.* (citing *In re Bridgestone/Firestone, Inc. Tires Prods. Liab. Litig.*, 205 F.R.D. 535, 536 (S.D. Ind. 2002)).

Here, given the nature of jurisdictional discovery, the Court finds that Mr. McConnell may have unique or superior knowledge of discoverable information, which bars the application of the apex doctrine. According to Plaintiff's submission,

> LaSalle is unique among large private prison companies in that it is owned by a family. William McConnell and his son run the firm. But LaSalle is not a single entity. Instead, it is a web of LLCs. Some have similar names, confusing potential plaintiffs and occasionally causing a lawsuit to be dismissed for naming the wrong corporate entity as a Defendant.

(Doc. 77 at 6).[3]

In challenging the Court's personal jurisdiction over it, Defendant LaSalle Management places its relationship to LaSalle Corrections and LaSalle Southeast LLC at issue—two hubs in the web of LaSalle entities. The relationship between the LaSalle entities is complex, and a person who co-founded and owns the LaSalle enterprise would likely be an ideal source of information, gleaned from personal knowledge, regarding the relationship of three entities within the enterprise. Accordingly, the Court finds that Plaintiff has shown that Mr. McConnell may have unique or superior knowledge of discoverable information related to the Court's jurisdiction over Defendant LaSalle Management. As such, the apex doctrine does not bar Plaintiff's deposition of Mr. McConnell. The Court does not find the proposed deposition of Mr. McConnell to be unduly burdensome or oppressive.

---

[3] Plaintiff asks the Court to take judicial notice of the source from which this information is drawn. The Court does not find this necessary for purposes of the instant motion because the representation is sufficient for the Court to infer that Mr. McConnell may have unique knowledge of the business organization of LaSalle entities relevant to the jurisdictional issue in the case.

**III.    CONCLUSION**

In sum, The Court finds that Defendant LaSalle Management's Motion for Protective Order and Motion to Quash Deposition of William McConnell (Doc. 76) should be denied for two reasons: (1) Defendant LaSalle Management failed to timely raise an objection to the deposition, and (2) the apex doctrine does not bar Plaintiff from taking the deposition. Accordingly, the Motion (Doc. 76) is **DENIED**. Defendant LaSalle Management is **ORDERED** to produce Mr. McConnell for Plaintiff's deposition no later than the expiry of the discovery period or no later than **Monday, December 16, 2024**, for a minimum of three (3) hours or as may be agreed to by the Parties, but no later than Monday, December 16, 2024.

**SO ORDERED**, this 11th day of December 2024.

/s/ **W. Louis Sands**
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

6