**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

**DAWN WOOTEN,**

*Plaintiff,*

**VS.** **CIVIL ACTION NO. 7:22-cv-00148-WLS**

**LASALLE CORRECTIONS,**
**LASALLE MANAGEMENT COMPANY,**
**L.L.C, LASALLE SOUTHEAST, LLC,**
**IRWIN COUNTY DETENTION CENTER,**
and **DAVID PAULK,** an individual,

*Defendants.*

---

**DEFENDANT LASALLE MANAGEMENT COMPANY, L.L.C.'S SUPPLEMENTAL REPLY IN SUPPORT OF MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)**

---

Defendant LASALLE MANAGEMENT COMPANY, L.L.C. ("LaSalle Management") respectfully submits this *Supplemental Reply in Support of* its *Motion to Dismiss* [Doc. 56], in response to Plaintiff Dawn Wooten's *Opposition* [Doc. 64] to Defendant's *Supplemental Memorandum* [Doc. 79], filed under this Court's Order of September 10, 2024. [Doc. 71].

## I. INTRODUCTION

Plaintiff's Opposition fails entirely to establish that personal jurisdiction is proper over LaSalle Management. First, as the only new evidence in support, Plaintiff's counsel submits a self-serving affidavit to prove "facts" which are out of context, not based on his personal knowledge, and do not establish that LaSalle Management was Plaintiff's employer (or had any connection to her). Second, Plaintiff's newly-raised and fallacious argument that LaSalle Management is an "alter ego" of LaSalle Southeast is supported neither by fact nor law, and every "fact" Plaintiff submits as "unequivocally" establishing this theory amounts to distinguishable, one-sided, and inaccurate

generalizations. She tries to leverage her own confusion as "evidence," assuming that the witnesses she chose to depose, two of whom were not representatives of LaSalle Management and had no direct evidence of its operations, stated "conclusions" (mischaracterizations of their testimony), to support her fallacious argument. Finally, Plaintiff fails to establish personal jurisdiction at the base level: The facts before the Court are insufficient to prove that Plaintiff's single remaining claim against LaSalle Management "arise[s] out of or relate[s] to" any alleged contacts with the state of Georgia.

After extensive briefing and discovery with respect to this issue, the fact remains that LaSalle Management is not properly subject to jurisdiction in this suit. Defendant respectfully reavers its request that the Court dismiss it from this lawsuit for a lack of personal jurisdiction.

## II. ARGUMENT

### A. Plaintiff Has Not Alleged A *Prima Facie* Case for Jurisdiction Over LaSalle Management Because Her Factual Assertions Are Inaccurate and Inadmissible.

The plaintiff bears the burden of making a *prima facie* presentation of jurisdiction over a defendant within a forum state by a preponderance of the evidence. *Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino*, 447 F.3d 1357 (11th Cir. 2006). A *prima facie* case is established if the plaintiff presents enough evidence to withstand a motion for directed verdict. *Meier ex rel. Meier v. Sun Intern. Hotels, Ltd.*, 288 F.3d 1264, 1269 (11th Cir. 2002). When the defendant submits affidavit evidence in support of its position, "the burden traditionally shifts back to the plaintiff to produce *evidence* supporting jurisdiction." *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009) (citing *Meier*, 288 F.3d at 1268–69) (emphasis added). Hearsay evidence is not admissible, nor are conclusory allegations unsupported by fact. *Id.* at 1277-78.

Plaintiff had the opportunity under the Court's Order of September 10, 2024, to conduct jurisdictional discovery to meet its *prima facie* burden, including "four (4) depositions, ten (10) interrogatories, and ten (10) requests for admission." As discussed further below, Plaintiff claims she was unable to obtain the information sought, failing to note her own failure to exhaust the means of

discovery granted. Now, to redress her errors, her counsel submits a self-serving affidavit that is neither admissible nor sufficient to prove the facts asserted.

The substantive documents Mr. Guyer purports to verify are accurate are (1) an incomplete copy of a Georgia Department of Labor record addressed to both Plaintiff and "LaSalle Corrections" [Doc. 81-1]; and (2) a letter from a representative of LaSalle Management Company confirming Ms. Wooten's status of employment at the Irwin County Detention Center in 2021. [Doc. 81-2]. Neither of these documents is admissible without proper context and valid authentication, but if they were, they would be insufficient to prove anything regarding jurisdiction in this matter.

1. Mr. Guyer Provides No Basis for Which He Can Verify the Information He Purports to Attest To in His Declaration, Which is Conclusory and Legally Insufficient.

Plaintiff's counsel, Mr. Guyer, submits as an Exhibit to her Opposition a Declaration pursuant to 28 U.S.C. § 1746 that the two exhibits attached to his Declaration are true and correct. [Doc. 81]. A Declaration under federal law must be based on personal knowledge and must set forth facts that would be admissible under the Federal Rules of Evidence. *Ekokotu v. Fed. Exp. Corp.*, 408 Fed.Appx. 331, 335 (11th Cir. 2011). The affiant executing a declaration must have *personal knowledge* of the matters contained therein, or else should be considered inadmissible as hearsay. *See United States v. All Funds in the Acct. of Prop. Futures, Inc.*, 820 F. Supp. 2d 1305 (S.D. Fla. 2011), *aff'd sub nom. United States v. ADT Sec. Servs., Inc.*, 522 F. App'x 480 (11th Cir. 2013) (finding that an attorney's declaration purporting to provide evidence of events that occurred were insufficient because the declarant could not "speak from personal knowledge.").

In support of this verification, Mr. Guyer only submits the conclusory statement that "I am personally familiar with facts as stated herein and am competent to testify about them." He does not specifically link any personal knowledge or facts to any of the documents he purports to verify, nor does he explain how he came to be in possession of those documents, if the documents were publicly available, who received the documents, or the origin of the documents. Mr. Guyer is not an addressee

or drafter of the purported Georgia Department of Labor document, he is not connected to the Department of Labor, he has not stated or proven that he was a representative of Plaintiff in this unemployment proceeding, and he has not submitted any fact to support his knowledge of the proceeding referenced in the document, which is otherwise submitted without context. [Doc. 81-1]. Mr. Guyer is also not a party to, the recipient of, or otherwise connected to the "employment verification" in any way, and in fact, the document has *no* identifiable recipient. Mr. Guyer cannot verify a document with no recipient without stating how or why he is in possession of such document or why he has personal knowledge of its veracity. Mr. Guyer has no identifiable personal information which could allow him to speak on the authenticity or contents of these documents. They are unverified, inadmissible hearsay and should not be considered by this Court.

2. Plaintiff's Two Exhibits Are Irrelevant and Insufficient to Establish Jurisdiction.

Still, even if admissible, the documents cited are insufficient to establish jurisdiction. Plaintiff submits these documents to create doubt in the fact that her employer at all relevant times was defendant LaSalle Southeast, LLC, but they fail to do so.

First, Exhibit 1 is a Georgia Department of Labor record. [Doc. 81-1]. On its face, the document is addressed to Dawn Wooten and dated May 7, 2021. It appears to be a determination regarding whether Ms. Wooten was entitled to Pandemic Emergency Unemployment Compensation. However, the full extent of the document cannot be determined because Plaintiff has chosen to submit two pages of a four-page document, as indicated at the top of the second page. Presumably, this is to obfuscate the contents of the letter, which may state that Ms. Wooten's employer was, in fact, LaSalle Southeast, LLC.[1] In any case, the letter does not address LaSalle Management Company at any point. It notes that "copies of this decision were mailed to" LaSalle Corrections, which as previously briefed

[1] Undersigned counsel, who represented LaSalle Southeast, LLC in an appeal of Ms. Wooten's eligibility for unemployment insurance benefits on December 2, 2024, has personal knowledge of the fact that the Georgia Department of Labor has Ms. Wooten's employer listed as LaSalle Southeast, LLC. Ga. Dept. Labor Docket # 24702-24.

and stated by William McConnell in his deposition, is a trade name which can refer to any one of the LaSalle-branded entities.[2] However, LaSalle Management is not named or listed. Accordingly, this incomplete, unverified letter is not dispositive to establish jurisdiction over LaSalle Management.

Second, Exhibit 2 is a letter with an unidentified recipient dated June 24, 2021. The letter states that "Dawn Wooten is currently employed at the Irwin County Detention Center. . . , and moved to a PRN status effective July 2, 2020." This letter does *not* state that LaSalle Management is Ms. Wooten's employer. In fact, LaSalle Management agrees with this letter – Ms. Wooten was employed at the Irwin County Detention Center, operated by LaSalle Southeast, LLC. *See* [Doc. 56-2 at ¶¶ 17-18, 24-25]. The fact that the letter was drafted by a representative of LaSalle Management is also not determinative; it represents the "limited back office support" provided by LaSalle Management to LaSalle-branded entities. An employment verification on behalf of another entity does not prove another entity's ability to make employment decisions or function as an employer.

The only new evidence submitted to support Plaintiff's position that LaSalle Management employed her are improperly submitted, inadmissible, and irrelevant. Accordingly, these two exhibits should not be considered and do not prove that LaSalle Management was Ms. Wooten's employer or that LaSalle Management has contacts with Georgia.

**B. Plaintiff's Argument that LaSalle Management is the Alter Ego of LaSalle Southeast Fails Because There is No Evidence to Support this Newly Raised Theory.**

Plaintiff newly raises the assertion that LaSalle Southeast is an "alter ego" of LaSalle Management in this argument on reply. Failing to make this argument in any prior briefing on the issue, Plaintiff now contends that the two operate as a "unified enterprise." Such a piercing of the corporate veil would require meeting a high burden of overcoming the presumption of corporate distinctness, and Plaintiff's slipshod argument fails to meet that burden.

[2] Doc. 79-5, Deposition of William McConnell, at 7:22 – 8:3.

1. LaSalle Management and LaSalle Southeast are Not "Alter Egos."

"An alter ego theory of personal jurisdiction generally provides that a non-resident parent corporation is amenable to suit in the forum state if the parent company exerts so much control over the subsidiary that the two do not exist as separate entities but are one and the same for purposes of jurisdiction." *RMS Titanic, Inc. v. Zaller*, 978 F. Supp. 2d 1275, 1307-08 (N.D. Ga. 2013). This rule concerning parents and subsidiaries *may* be extended to other principal-agent relationships if the affiliate's "corporate existence was simply a formality, and that it was simply" an agent of the non-resident defendant. *Exter Shipping Ltd. v. Kilakos*, 310 F. Supp. 2d 1301, 1313-14 (N.D. Ga. 2004). The Eleventh Circuit has opined on the height of this standard:

> Generally, a foreign parent corporation is not subject to the jurisdiction of a forum state merely because a subsidiary is doing business there. Where the "subsidiary's presence in the state is primarily for the purpose of carrying on its own business and the subsidiary has preserved some semblance of independence from the parent, jurisdiction over the parent may not be acquired on the basis of the local activities of the subsidiary."

*Consol. Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286 (11th Cir. 2000), *cert. denied*, 534 U.S. 827 (2001) (quoting Wright & Miller, Fed. Prac. and Procedure § 1069 (2d ed. 1987)). "[T]he corporate veil may be pierced to recognize an alter ego only if the owner exercised complete control over the corporation with respect to the transaction at issue and such control was used to commit a fraud that injured the party seeking to pierce the veil." *Exter Shipping*, 310 F. Supp. 2d at 1317. While no "uniform standard" exists for an alter ego theory, factors include: "(1) commingling of corporate and personal finances; (2) failure to hold director/shareholder meetings or maintain corporate records; (3) non-functioning of other officers/directors; and (4) whether failure to disregard the corporate fiction would be unjust or fundamentally unfair to an injured party." *Id.*

Georgia and Eleventh Circuit federal courts apply a similar rubric for piercing the corporate veil, requiring that courts look to the totality of the circumstances based on the above factors to determine whether a corporation is the alter ego of its owners. *Manhattan Const. Co. v. K & E Const.*

*Co., Inc.*, 1988 WL 150690, at *7 (N.D.Ga. 1988). Plaintiff misstates this standard by citing to the Eastern District of Michigan, *Singh v. Daimler, AG*, 902 F. Supp. 2d 974 (E.D. Mich. 2012) (applying Michigan law), and the Southern District of California, *In re Packaged Seafood Prods. Antitrust Litig.*, 338 F. Supp. 3d 1118 (S.D. Cal. 2018) (applying California law), which are inapplicable.

As repeatedly stated by affidavit, in briefs, and in depositions, LaSalle Southeast is far from a "company that appears to exist only on paper," as alleged by Plaintiff. LaSalle Southeast has its own employees, including the Plaintiff at one time and co-defendant, former warden David Paulk;[3] enters into its own contracts, including the contract with Irwin County, Georgia, to operate the Irwin County Detention Center;[4] is responsible for its own corporate decisions, including managing of the staffing and compliance duties for employees, as stated by Joan Whitley, a "resident of Fitzgerald, GA," in her Declaration,[5] and has its own medical staff, as testified to by Dr. Pamela Hearn.[6] LaSalle Management maintains its own accounting, accounts payable, and other financial services, as stated by its Controller Sharon Bennett in her Declaration.[7] Plaintiff does not elicit a single fact through discovery that supports the idea that these two entities share any officers or directors, that they commingle finances, or that they fail to maintain corporate records. Nor does Plaintiff demonstrate that LaSalle Management had "complete control" over LaSalle Southeast, only identifying facts showing that LaSalle Management provided "support" for other facilities.[8]

And significantly, declining the exercise of personal jurisdiction over LaSalle Management would not be "unjust or fundamentally unfair to an injured party." Plaintiff makes much of "the human rights of detainees" at the Georgia facility, arguing that an unidentified "they" "must be

[3] Doc. 56-3, Declaration of Joan Whitley, at ¶¶ 11, 13-14.
[4] Doc. 56-3, Declaration of Joan Whitley, at ¶¶ 8-10.
[5] Doc. 56-3, Declaration of Joan Whitley, at ¶ 4.
[6] Doc. 79-3, Deposition of Pamela Hearn, at 18:7-10.
[7] Doc. 56-2, Declaration of Sharon Bennett, at ¶ 4.
[8] Doc. 79-5, Deposition of William McConnell, at 15:11-17.

accountable."[9] This is the extent of Plaintiff's argument that failure to exercise jurisdiction would be fundamentally unfair, and yet she fails to identify detainees as an injured party in this lawsuit. The "injured party" in this lawsuit is Ms. Wooten, a former employee, not the unidentified detainees. This is yet another example of Plaintiff attempting to turn an employment dispute into something more. As repeatedly discussed, Plaintiff was an employee of LaSalle Southeast. Her alleged "injury" can be easily retributed by her former employer, LaSalle Southeast. With no supportive evidence of any "alter ego," there is no basis for piercing the corporate veil with respect to LaSalle Management.

2. Plaintiff's Mischaracterization of Testimony to Support Her Alter Ego Theory is Self-Serving and Inaccurate.

Plaintiff has attempted to mischaracterize the statements made by the deponents and superimpose her unsupported generalizations, to assert that there is a "convoluted structuring" causing it to be "difficult to assess exactly which acts were taken by which LaSalle actor." Throughout her Opposition, Plaintiff takes out-of-context statements made by the three deponents, two of which are employed by different non-party entities, to argue her conclusions. While Plaintiff attempts to characterize the deponents as lacking relevant knowledge, she fails to note that she chose the three deponents: a high-ranking founder of LaSalle Management who never testified to having any knowledge of Ms. Wooten;[10] a Medical Director for a separate entity (CorrectMed, LLC) who testified to never having met Ms. Wooten;[11] and an Executive Director of a separate entity (LaSalle Southwestern Corrections, LLC).[12] Her failure to exhaust authorized discovery or seek relevant discovery on the business operations of LaSalle Management should not be rewarded.[13] For example:

- As to "control," Plaintiff claims Mr. McConnell "repeatedly refused" to state which individuals have "legal authority" over LaSalle Management. In fact, Mr. McConnell

[9] Doc. 84 at 18.
[10] *See generally* Doc. 79-5, Deposition of William McConnell.
[11] Doc. 79-3, Deposition of Pamela Hearn, at 32:25 – 33:2
[12] *See generally* Doc. 79-4, Deposition of Rodney Cooper.
[13] Plaintiff specifically requested the depositions of Mr. McConnell, Dr. Hearn, and Mr. Cooper. As stated, Plaintiff sent no Interrogatories, Requests for Production of Documents, or Requests for Admissions, and she requested no corporate deposition of LaSalle Management under Rule 30(b)(6), in order to obtain information relevant to the issue in this briefing.

answered that question, discussing that "authority" "depend[s] on the issue," including accounting, executive decision-making, legal issues, and operations. When asked the same question again, Mr. McConnell answered that no individual "has much control at all over the operations." Plaintiff's counsel then called the deposition a "farce" and abruptly ended it.[14]

- Plaintiff claims that Rodney Cooper "does not seem to know which entity he works (sic)." Yet Plaintiff later claims he is the "Executive Director of LaSalle Management." Mr. Cooper's testimony clearly states that LaSalle Management is a "separate entity" from the entity for which he is employed, LaSalle Southwestern Corrections, LLC.[15]

- Plaintiff mischaracterizes the "back-office support" by characterizing "payroll, HR, and insurance" support as "back-office control." Providing support via an administrative services contract does not equate to "control" over the decision-making functions of a separate entity.

- Plaintiff, as she has done throughout, misuses the terms "LaSalle" and "LaSalle Corrections" to support her self-serving arguments such as "LaSalle operates as a singular private institution." These names, as previously discussed, are trade names which can refer to different entities, and are used as such by Plaintiff in her deposition questions.[16]

- Plaintiff refers to Dr. Hearn's "employment" without referring to who employed her. Dr. Hearn is an employee of CorrectMed, LLC.[17]

These misstatements are submitted to support that LaSalle Management has disregarded the corporate form, yet these do little to prove as much. Plaintiff opines that there was a "mix of ignorance and willful obstinance exhibited by deponents" whom she selected. She also suggests that "LaSalle [Management] has failed to provide transparency regarding the separation of financial operations, corporate ownership, and asset management," ignoring that jurisdictional discovery was specifically granted by the Court for Plaintiff to obtain this information. Plaintiff had ample opportunities to clarify the alleged "dispersion of assets and control" which she claims to be "impossible to identify at this stage." In fact, this "stage" was Plaintiff's opportunity to clarify these facts. She now attempts to rely on her own confusion and failure to engage in targeted discovery to support an "alter ego" argument. Despite her mischaracterizations, Plaintiff has failed to elicit sufficient facts to support her "alter ego" claim or any claim that personal jurisdiction over LaSalle Management is proper.

---

[14] Doc. 79-5, Deposition of William McConnell, at 22 – 25.
[15] Doc. 79-4, Deposition of Rodney Cooper, at 15:20-23.
[16] *See* Doc. 79-4, Deposition of Pamela Hearn, at 6 – 7.
[17] Doc. 79-4, Deposition of Pamela Hearn, at 13.

### C. Plaintiff Failed to Address (or Even Seek Discovery Regarding) the Central Argument that Her Claim Does Not "Arise Out of or Relate To" the Alleged Contacts.

Finally, as mentioned above and restated herein, Plaintiff has failed to prove the central tenet of this case. Her remaining claim is for retaliation against an employee of a federal "contractor, subcontractor, grantee, subgrantee, or personal services contractor" for disclosing particular information related to a federal contract. 41 U.S.C. § 4712(a)(1). Plaintiff has not proven that LaSalle Management was her employer, that LaSalle Management is a federal contractor or other covered entity, or that her claim "arises out of or relates to" any contact that LaSalle Management has with the state of Georgia. She was given the opportunity to elicit these essential facts during jurisdictional discovery, and instead she wasted the time of the parties and the Court by deposing three individuals with almost no knowledge of Ms. Wooten and failing to inquire about the alleged operation of LaSalle Management within the state of Georgia.[18] Nothing stated in Plaintiff's brief changes the fact that her allegations in this matter exclusively involve retaliation by her employer. Plaintiff's employer at all relevant times was LaSalle Southeast, LLC. *See generally* [Doc. 56-3]. LaSalle Management could not have retaliated against her without being her employer, and Plaintiff's claim therefore cannot "arise out of or relate to" any alleged contacts between LaSalle Management and Georgia.

## III. CONCLUSION

Ms. Wooten's Opposition relies on speculation and hearsay to contradict the verified evidence presented by LaSalle Management Company, LLC. In any case, the evidence on record does not meet the standard of preponderance of the evidence required for a plaintiff to establishing that personal jurisdiction is proper over a defendant. And her new "alter ego" argument is untimely and insufficient to prove that personal jurisdiction is proper. Having been thoroughly briefed, the record makes clear that Ms. Wooten's claims against LaSalle Management Company, LLC, should be dismissed.

[18] *See generally* Doc. 79-5, Deposition of William McConnell, at 24:17 – 25:11 (Plaintiff's counsel deliberately imploded a deposition after forty-five minutes with no apparent justifiable basis, indicating his intent to "appoint a special master," then failed to petition the Court or attempt to resume the deposition at all.)

THIS 19th day of February, 2025.

Respectfully submitted,

**LASALLE MANAGEMENT COMPANY, LLC**

*By: s/ Deirdre C. McGlinchey*
Deirdre C. McGlinchey
One of its Attorneys

**OF COUNSEL:**

DEIRDRE C. MCGLINCHEY (*Pro Hac Vice*)
Louisiana Bar Roll #24167
MAGDALEN BLESSEY BICKFORD (*Pro Hac Vice*)
Louisiana Bar Roll #17472
ANDREW M. ALBRITTON (*Pro Hac Vice*)
Louisiana Bar Roll #39780
McGLINCHEY STAFFORD, PLLC
601 Poydras Street, 12th Floor
New Orleans, Louisiana 70130
Telephone (504) 586-1200 | Fax: (504) 596-2800
Email: dmcglinchey@mcglinchey.com
Email: mbickford@mcglinchey.com
Email: aalbritton@mcglinchey.com

and

JOHN T. ROUSE (GA Bar No. 868514)
McGLINCHEY STAFFORD, PLLC
1020 Highland Colony Pkwy, Ste. 406
Ridgeland, Mississippi 39157
Telephone: (769) 524-2329 | Fax: (601) 608-7871
Email: jrouse@mcglinchey.com

*Counsel for Defendant LaSalle Management Company, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 19th day of February, 2024, a true and correct copy of the foregoing has been electronically filed with the clerk of court using the CM/ECF system, which will send Notice of Electronic filing to all counsel of record.

THIS, the 19th day of February, 2024.

*s/ Andrew M. Albritton*
ANDREW M. ALBRITTON