**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

**DAWN WOOTEN,**

     *Plaintiff,*

**VS.**                                         **CIVIL ACTION NO. 7:22-cv-00148-WLS**

**LASALLE MANAGEMENT COMPANY,**
**L.L.C, LASALLE SOUTHEAST, LLC,**
and **DAVID PAULK,** an individual,

     *Defendants.*

**ANSWER TO SECOND AMENDED COMPLAINT**
**FOR FIRST AMENDMENT AND STATUTORY RETALIATION**

NOW INTO COURT, through undersigned counsel, come Defendants LASALLE SOUTHEAST, LLC ("LaSalle SE"), and DAVID PAULK, who respectfully respond to Plaintiff's Second Amended Complaint for First Amendment and Statutory Retaliation ("Second Amended Complaint") [Doc. 55] as follows:

## I.    INTRODUCTION

1.    Paragraph 1 is an introductory statement alleging conclusions of law, which require no response of Defendants. To the extent that any response is deemed required, Defendants admit that Plaintiff was employed at times as a Licensed Practical Nurse at the Irwin County Detention Center ("ICDC") facility located at 132 Cotton Drive, Ocilla, Georgia 31774. Defendants deny the remaining allegations of Paragraph 1.

2.    Defendants admit the allegations of Paragraph 2.

3.    The allegations of Paragraph 3 contain legal conclusions that require no response. To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 3.

4.      The allegations of Paragraph 4 contain legal conclusions that require no response. To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 4.

5.      The allegations of Paragraph 5 contain legal conclusions that require no response. To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 5.

## II.      JURISDICTION

6.      In response to Paragraph 6, Defendants admit that this Honorable Court has jurisdiction over this lawsuit as currently plead. The remaining allegations of this paragraph contain legal conclusions that require no response. Additionally, the allegations of Paragraph 6 concern Plaintiff's claim under the First Amendment, which has been dismissed with prejudice pursuant to this Court's Order of September 10, 2024. [Doc. 71]. To the extent that a response is deemed required, Defendants deny the remaining allegations of Paragraph 6.

7.      The allegations of Paragraph 7 contain legal conclusions that require no response. Additionally, the allegations of Paragraph 7 concern Plaintiff's claim under the First Amendment, which has been dismissed with prejudice pursuant to this Court's Order of September 10, 2024. [Doc. 71]. To the extent that a response is deemed required, Defendants deny the remaining allegations of Paragraph 7.

8.      The allegations of Paragraph 8 contain legal conclusions that require no response. To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 8.

9.      In response to Paragraph 9, Defendants admit that this Honorable Court has jurisdiction over this lawsuit as currently plead. The remaining allegations of this paragraph contain legal conclusions that require no response. To the extent that a response is deemed required, Defendants deny the remaining allegations of Paragraph 9.

### III.    EXHAUSTION OF ADMINISTRATIVE REMEDIES AND TOLLING

10.    The allegations of Paragraph 10 contain legal conclusions that require no response. To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 10.

11.    The allegations of Paragraph 11 contain legal conclusions that require no response. To the extent that a response is deemed required, Defendants admit that Plaintiff filed an administrative complaint under 41 U.S.C. § 4712 on September 8, 2020 and an amended administrative complaint on December 12, 2022. Defendants deny the remaining allegations of Paragraph 11.

12.    The allegations of Paragraph 12 contain legal conclusions that require no response. To the extent that a response is deemed required, Defendants deny the remaining allegations of Paragraph 12.

13.    The allegations of Paragraph 13 contain legal conclusions that require no response. To the extent that a response is deemed required, Defendants deny the remaining allegations of Paragraph 13.

14.    Defendants admit that Plaintiff's counsel sent a letter regarding the complaint filed with the Office of the Inspector General. Defendants deny the remaining allegations of Paragraph 14.

15.    Defendants admit that Project South filed a complaint with the Office of the Inspector General. Defendants deny the remaining allegations of Paragraph 15 .

16.    Defendants deny the allegations of Paragraph 16 for a lack of sufficient information.

17.    Defendants deny the allegations of Paragraph 17.

18.    Defendants admit that Plaintiff's complaint filed with the Office of the Inspector General was referred to an Alternative Dispute Resolution program. Defendants deny the remaining allegations of Paragraph 18 for a lack of sufficient information.

19.    Defendants admit the allegations of Paragraph 19.

20.    Defendants admit the allegations of Paragraph 20.

3

## IV.    PARTIES

21.    Defendants deny the allegations of Paragraph 21 for a lack of sufficient information to justify a belief therein.

22.    Defendants admit that Plaintiff has been employed at the ICDC facility as an LPN for particular periods. Defendants deny the remaining allegations of Paragraph 22.

23.    The allegations of Paragraph 23 contain legal conclusions that require no response. To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 23.

24.    Defendants deny the allegations of Paragraph 24.

25.    Defendants deny the allegations of Paragraph 25.

26.    Defendants admit that David Paulk was the warden of ICDC during the time period relevant to Plaintiff's allegations. Defendants deny the remaining allegations of Paragraph 26.

27.    Defendants deny the allegations of Paragraph 27.

28.    Defendants deny the allegations of Paragraph 28 and its subpart.

29.    Defendants deny the allegations of Paragraph 29.

## V.    STATEMENT OF GENERAL FACTS

30.    Defendants admit the allegations of Paragraph 30.

31.    The allegations of Paragraph 31 contain legal conclusions that require no response. To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 31.

32.    Defendants deny the allegations of Paragraph 32.

33.    Defendants deny the allegations of Paragraph 33 for a lack of sufficient information.

34.    Defendants deny the allegations of Paragraph 34.

35.    Defendants deny the allegations of Paragraph 35.

36.    Defendants deny the allegations of Paragraph 36.

37.    Defendants deny the allegations of Paragraph 37.

38. Defendants deny the allegations of Paragraph 38.

39. Defendants admit the allegations of Paragraph 39.

40. Defendants deny the allegations of Paragraph 40 for a lack of sufficient information.

41. Defendants deny the allegations of Paragraph 41 for a lack of sufficient information.

42. Defendants deny the allegations of Paragraph 42 and its subparts for a lack of sufficient information.

43. Defendants deny the allegations of Paragraph 43 and its subparts.

44. Defendants deny the allegations of Paragraph 44 and its subparts for a lack of sufficient information.

45. Defendants deny the allegations of Paragraph 45.

## VI.    PRE-DEMOTION PROTECTED ACTIVITY

46. Defendants deny the allegations of Paragraph 46.

47. Defendants deny the allegations of Paragraph 47.

48. Defendants deny the allegations of Paragraph 48.

49. Defendants deny the allegations of Paragraph 49.

50. Defendants deny the allegations of Paragraph 50.

51. Defendants deny the allegations of Paragraph 51.

52. Defendants deny the allegations of Paragraph 52.

53. Defendants deny the allegations of Paragraph 53.

54. Defendants deny the allegations of Paragraph 54.

55. Defendants deny the allegations of Paragraph 55.

56. Defendants deny the allegations of Paragraph 56.

57. Defendants deny the allegations of Paragraph 57.

58. Defendants deny the allegations of Paragraph 58.

59.     Defendants deny the allegations of Paragraph 59.

60.     Defendants deny the allegations of Paragraph 60.

61.     Defendants deny the allegations of Paragraph 61.

62.     Defendants deny the allegations of Paragraph 62.

63.     Defendants deny the allegations of Paragraph 63.

64.     Defendants deny the allegations of Paragraph 64.

65.     Defendants deny the allegations of Paragraph 65.

66.     Defendants deny the allegations of Paragraph 66.

67.     Defendants deny the allegations of Paragraph 67 and its subpart.

68.     Defendants deny the allegations of Paragraph 68.

69.     Defendants deny the allegations of Paragraph 69.

70.     Defendants deny the allegations of Paragraph 70.

71.     Defendants deny the allegations of Paragraph 71.

72.     Defendants deny the allegations of Paragraph 72.

73.     Defendants deny the allegations of Paragraph 73.

74.     Defendants deny the allegations of Paragraph 74.

75.     Defendants deny the allegations of Paragraph 75.

76.     Defendants deny the allegations of Paragraph 76.

77.     Defendants deny the allegations of Paragraph 77.

78.     Defendants deny the allegations of Paragraph 78.

## VII.    POST-DEMOTION PROTECTED ACTIVITY

79.     The allegations of Paragraph 79 contain legal conclusions that require no response. To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 79.

80.     Defendants admit the allegations of Paragraph 80.

6

81.    Defendants admit that Plaintiff's counsel sent a letter regarding the complaint filed with the Office of the Inspector General. Defendants deny the remaining allegations of Paragraph 81.

82.    Defendants deny the allegations of Paragraph 82 for a lack of sufficient information.

83.    Defendants deny the allegations of Paragraph 83 for a lack of sufficient information.

84.    Defendants deny the allegations of Paragraph 84 as written.

## VIII.   ADVERSE ACTIONS

85.    Defendants deny the allegations of Paragraph 85.

86.    Defendants deny the allegations of Paragraph 86 for a lack of sufficient information.

87.    Defendants deny the allegations of Paragraph 87.

88.    Defendants deny the allegations of Paragraph 88 for a lack of sufficient information.

89.    Defendants deny the allegations of Paragraph 89.

90.    Defendants admit the allegations of Paragraph 90.

91.    Defendants deny the allegations of Paragraph 91.

92.    Defendants deny the allegations of Paragraph 92.

93.    Defendants deny the allegations of Paragraph 93.

94.    Defendants deny the allegations of Paragraph 94.

95.    Defendants deny the allegations of Paragraph 95.

96.    Defendants deny the allegations of Paragraph 96.

## IX.   FIRST AMENDMENT PROTECTED ACTIVITY WITH NEWS MEDIA AND CONGRESS

97.    Defendants deny the allegations of Paragraph 97 for a lack of sufficient information.

98.    Defendants deny the allegations of Paragraph 98 for a lack of sufficient information.

99.    Defendants deny the allegations of Paragraph 99 for a lack of sufficient information.

## X.   FIRST AMENDMENT RETALIATION

100.    Defendants deny the allegations of Paragraph 100.

101.    Defendants deny the allegations of Paragraph 101.

102.    Defendants deny the allegations of Paragraph 102.

103.    Defendants deny the allegations of Paragraph 103.

**FIRST CLAIM FOR RELIEF:**
**VIOLATION OF PLAINTIFF'S SPEECH AND ASSOCIATION RIGHTS**
**UNDER THE FIRST AMENDMENT**

104.    The allegations of Paragraph 104 contain legal reservations, which require no response.  To the extent that a response is deemed required, Defendants deny the allegations.

105.    Defendants deny the allegations of Paragraph 105. Additionally, the allegations of Paragraph 105 concern Plaintiff's claim under the First Amendment, which has been dismissed with prejudice pursuant to this Court's Order of September 10, 2024. [Doc. 71].

106.    Defendants deny the allegations of Paragraph 106. Additionally, the allegations of Paragraph 106 concern Plaintiff's claim under the First Amendment, which has been dismissed with prejudice pursuant to this Court's Order of September 10, 2024. [Doc. 71].

107.    Defendants deny the allegations of Paragraph 107. Additionally, the allegations of Paragraph 107 concern Plaintiff's claim under the First Amendment, which has been dismissed with prejudice pursuant to this Court's Order of September 10, 2024. [Doc. 71].

108.    Defendants deny the allegations of Paragraph 108. Additionally, the allegations of Paragraph 108 concern Plaintiff's claim under the First Amendment, which has been dismissed with prejudice pursuant to this Court's Order of September 10, 2024. [Doc. 71].

109.    Defendants deny the allegations of Paragraph 109. Additionally, the allegations of Paragraph 109 concern Plaintiff's claim under the First Amendment, which has been dismissed with prejudice pursuant to this Court's Order of September 10, 2024. [Doc. 71].

110.    The allegations of Paragraph 110 contain legal conclusions that require no response. Additionally, the allegations of Paragraph 110 concern Plaintiff's claim under the First Amendment,

which has been dismissed with prejudice pursuant to this Court's Order of September 10, 2024. [Doc. 71]. To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 110.

111.    Defendants deny the allegations of Paragraph 111. Additionally, the allegations of Paragraph 111 concern Plaintiff's claim under the First Amendment, which has been dismissed with prejudice pursuant to this Court's Order of September 10, 2024. [Doc. 71].

112.    The allegations of Paragraph 112 contain legal conclusions that require no response. To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 112.

113.    Defendants deny the allegations of Paragraph 113. Additionally, the allegations of Paragraph 113 concern Plaintiff's claim under the First Amendment, which has been dismissed with prejudice pursuant to this Court's Order of September 10, 2024. [Doc. 71].

**SECOND CLAIM FOR RELIEF: VIOLATION OF STATUTORY
CONTRACTOR WHISTLEBLOWER RIGHTS UNDER 41 U.S.C. § 4712**

114.    The allegations of Paragraph 114 contain legal reservations, which require no response.  To the extent that a response is deemed required, Defendants deny the allegations.

115.    The allegations of Paragraph 115 contain legal conclusions that require no response. To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 115.

116.    The allegations of Paragraph 116 contain legal conclusions that require no response. To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 116.

117.    The allegations of Paragraph 117 contain legal conclusions that require no response. To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 117.

118.    Defendants deny the allegations of Paragraph 118.

119.    Defendants deny the allegations of Paragraph 119.

120.    Defendants deny the allegations of Paragraph 120.

121.    Defendants deny the allegations of Paragraph 121.

122.    The allegations of Paragraph 122 contain legal conclusions that require no response. To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 122.

123.    The allegations of Paragraph 123 contain legal conclusions that require no response. To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 123.

124.    The allegations of Paragraph 124 contain legal conclusions that require no response. To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 124.

125.    The allegations of Paragraph 125 contain legal conclusions that require no response. To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 125.

126.    The allegations of Paragraph 126 contain legal conclusions that require no response. To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 126.

127.    The allegations of Paragraph 127 contain legal conclusions that require no response. To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 127.

128.    The allegations of Paragraph 128 contain legal conclusions that require no response. To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 128.

129.    Defendants deny the allegations of Paragraph 129.

130.    The allegations of Paragraph 130 contain legal conclusions that require no response. To the extent that a response is deemed required, Defendants deny the allegations of Paragraph 130.

## XI.    PRAYER FOR RELIEF

Defendants deny all allegations of fact and law in Plaintiff's Prayer for Relief, inclusive of subparts a through q. Defendants further note that the allegations of fact and law in subparts a, b, c, h, i, m, n, o, and p of Plaintiff's Prayer for Relief concern Plaintiff's claim under the First Amendment, which has been dismissed with prejudice pursuant to this Court's Order of September 10, 2024. [Doc. 71].

## JURY DEMAND

Defendants request trial by jury.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Second Amended Complaint should be dismissed because it fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claim for retaliation is barred by the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

At all relevant times to this lawsuit, Defendants acted in good faith and did not violate any of Plaintiff's rights under any federal or state law, regulation, or guideline and had reasonable grounds for believing its actions with respect to Plaintiff were not in violation of any law, rule, regulation, or guideline.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's Second Amended Complaint must be dismissed on the grounds that Plaintiff lacks standing to bring or maintain all or part of this action.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's Second Amended Complaint should be dismissed because Plaintiff is not a covered "employee" as defined by 41 U.S.C. § 4712.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's Second Amended Complaint should be dismissed because some or all of the Defendants are not contractors, subcontractors, grantees, subgrantees, or personal services contractors as defined by 41 U.S.C. § 4712, and are not covered by that statute.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Second Amended Complaint should be dismissed because she did not experience a discharge, demotion, or discrimination as defined by 41 U.S.C. § 4712.

11

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's Second Amended Complaint should be dismissed because she her alleged complaints were not made to a "person or other bodies covered" as defined by 41 U.S.C. § 4712.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff did not actually make the complaints she alleges to have made prior to her change of status as alleged in her Second Amended Complaint.

## TENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff's claimed damages were caused, in whole or in part, by her failure to follow Defendants' policies, Plaintiff's claims are barred by the doctrine of in *pari delicto* and the doctrine of avoidable consequences.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for damages are barred, in whole or in part, by her own behavior, the doctrine of unjust enrichment and the doctrine of unclean hands.

## TWELFTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff would be awarded damages, the damages should be reduced by Plaintiff's failure to mitigate her damages.

## THIRTEENTH AFFIRMATIVE DEFENSE

Some or all of the claims asserted in the Complaint may be barred by one or more contractual defenses, waiver, unclean hands, accord and satisfaction, res judicata and/or estoppel.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to exhaust the administrative remedies required to purse a claim.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's recovery in this matter, if any, must be limited by applicable damages caps.

## SIXTEENTH AFFIRMATIVE DEFENSE

At all times, Defendants exercised reasonable care to prevent and correct any improper behavior.

## SEVENTEENTH AFFIRMATIVE DEFENSE

In the event that any of the allegations of unlawful conduct contained in the Second Amended Complaint are found to have merit, Plaintiff participated in and contributed to the conduct complained of.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, were caused by the fault of others for whom Defendants are not responsible.

## NINETEENTH AFFIRMATIVE DEFENSE

Because of Plaintiff's own negligence or improper conduct, acts or omissions, Plaintiff's purported causes of action are barred by the doctrine of waiver.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery because it would result in Plaintiff's unjust enrichment.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Any of the alleged actions taken by Defendant towards Plaintiff were taken for legitimate, business-related, non-retaliatory reasons.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Defendant denies that it was motivated by any unlawful animus with respect to any actions taken towards Plaintiff.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery to the extent that her claims are frivolous or otherwise not sufficiently based in fact.

13

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Defendant avers that any actions taken against Plaintiff may have also occurred as a result of after-acquired evidence, and as such, she is barred from recovery.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff fails to properly allege, and cannot prove, a claim for constructive discharge.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff has failed entirely to allege that she incurred any damages proximately caused by the actions of any of the Defendants.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Defendants affirmatively state that Plaintiff has not incurred any damages and is not due any award, attorneys' fees, costs, or any other form of recovery whatsoever.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Defendant reserves the right to add additional affirmative defenses, as they become known through further investigation and/or discovery.

**WHEREFORE**, Defendants, LASALLE SOUTHEAST, LLC ("LaSalle SE"), and DAVID PAULK, pray that this Answer to Plaintiff's Second Amended Complaint for First Amendment and Statutory Retaliation be deemed good and sufficient and, after due proceedings are had there be judgment herein in its favor and against Plaintiff, Dawn Wooten, individually and on behalf of all other similarly situation, at Plaintiff's costs, and for all other general and equitable relief.

THIS 14th day of April, 2025.

Respectfully submitted,

**LASALLE SOUTHEAST, LLC and DAVID PAULK,**

By:   */s/ Magdalen B. Bickford*
        Magdalen B. Bickford
        One of their Attorneys

14

**OF COUNSEL:**

DEIRDRE C. MCGLINCHEY (*Pro Hac Vice*)
Louisiana Bar Roll #24167
MAGDALEN BLESSEY BICKFORD (*Pro Hac Vice*)
Louisiana Bar Roll #17472
ANDREW M. ALBRITTON (*Pro Hac Vice*)
Louisiana Bar Roll #39780
McGLINCHEY STAFFORD, PLLC
601 Poydras Street, 12th Floor
New Orleans, Louisiana 70130
Telephone (504) 586-1200 | Fax: (504) 596-2800
Email: dmcglinchey@mcglinchey.com
Email: mbickford@mcglinchey.com
Email: aalbritton@mcglinchey.com

and

JOHN T. ROUSE (GA Bar No. 868514)
McGLINCHEY STAFFORD, PLLC
1020 Highland Colony Pkwy, Ste. 406
Ridgeland, Mississippi 39157
Telephone: (769) 524-2329 | Fax: (601) 608-7871
Email: jrouse@mcglinchey.com

*Counsel for Defendants LaSalle Southeast, L.L.C.,*
*and David Paulk*

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of April, 2025, a true and correct copy of the foregoing has been electronically filed with the clerk of court using the CM/ECF system, which will send Notice of Electronic filing to all counsel of record.

THIS, the 14th day of April, 2025.

*/s/ Andrew M. Albritton*
ANDREW M. ALBRITTON
