# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | | |
|---|---|---|
| DAWN WOOTEN, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | CASE NO.: 7:22-CV-00148 (WLS) |
| | : | |
| LASALLE SOUTHEAST LLC, and | : | |
| DAVID PAULK, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## **ORDER**

The Court held a discovery conference on May 21, 2025. To memorialize the Court's oral instructions at that conference, the Court hereby issues the following modifications to the joint proposed discovery and scheduling order.

The Court has advised the parties that they may mediate or otherwise engage in some form of alternative dispute resolution ("ADR") or settlement negotiations prior to completion of discovery. The time required to pursue some form of ADR or good-faith settlement negotiations, not more than thirty days, will not be charged against the Parties during the discovery period. Counsel are directed that they must, after advising their respective clients about ADR, notify this Court in writing **within fourteen (14) days from the date of this Order** whether ADR is a viable option. If, due to a good-faith effort to resolve this matter through ADR, the parties need an extension of discovery up to thirty additional days, this request must be made by timely written motion to the Court.

Following the discovery conference and representations of counsel, the Court makes the following modifications to the jointly executed proposed discovery and scheduling order, which is adopted and made part of this Order to the extent it does not conflict with the instant Order:

(1) The Parties must confer about whether a protective order is necessary and the terms of that order. If a protective order is necessary, the Parties must file a joint proposed protective order or a motion for protective order by **Friday, June 20, 2025**.

(2) Initial disclosures under Rule 26(a)(1) must be submitted by **Friday, June 20, 2025.**

(3) Fact discovery must be completed by **Monday, November 17, 2025**, unless extended by the Court for good cause shown upon timely written motion by either party. The Court notes that extension will be freely granted if there is a showing of good cause upon due diligence.

(4) Motions to amend pleadings are due by **Monday, August 11, 2025**. A party may, by timely written motion upon good cause, move to extend the deadline.

(5) Motions to join another party are due by **Monday, August 11, 2025**. A party may, by timely written motion upon good cause, move to extend the deadline.

(6) Any discovery requests filed by a party upon another party must be filed no later than the date after which the responses thereto may be filed timely by the respondent in conformance with the Federal Rules of Civil Procedure prior to the expiration of the designated discovery period, including any extension of the discovery period as provided by order of the Court. A respondent is relieved from responding to discovery requests that do not meet this requirement.

(7) Unless discovery is extended by order of the Court, all dispositive motions must be filed no later than **Friday, January 16, 2026**. In the event that discovery is extended, all dispositive motions must be filed no later than **sixty (60) days** after the close of discovery.

(8) Unless discovery is extended by order of the Court, all non-dispositive motions must be filed no later than **Friday, January 16, 2026**. In the event that discovery is extended, all dispositive motions must be filed no later than **sixty (60) days** after the close of discovery.

(9) Unless extended by the Court upon a showing of good cause by either party upon timely written motion, all motions made under Rule 37 must be filed **within twenty-one days of the date on which the response(s) was due, or twenty-one days of receipt of an allegedly inadequate response or other alleged violation of Rule 37, and no later than twenty-one days after the close of discovery**, whichever first occurs. The parties may forego a formal motion and instead, timely request a phone conference with the Court to address the matter. In that event, the Courtroom Deputy will be contacted and a date and time for the conference will be determined. The parties shall provide the Court with a statement of the issue(s) and a concise statement of each party's position prior to the hearing **by close of business on the last business day prior to the conference.** A party may comply with a single filing on behalf of all parties.

(10) If necessary, each Party must serve upon other Parties, disclosures relating to expert witnesses, as required by Rule 26(a)(2)(A)-(B) of the Federal Rules of Civil Procedure, by the following dates: Plaintiffs' case-in-chief —**Thursday, September 18, 2025**; Defendants' case-in-chief — **Monday, October 20, 2025**; Rebuttal Reports— **Monday, November 3, 2025**.

(11) Any motion challenging the qualification(s) of any expert witness to offer opinion testimony, raised under *Daubert* or Rules 104(a), 702, and 703 of the Federal Rules of Evidence, must be filed no later than:[1]

   (i) **Friday, January 16, 2026**, if the motion is filed by a party in connection with the party's dispositive motion. However, in the event discovery is extended, all such motions must be filed no later than **thirty (30) days** after the close of discovery;

   (ii) **Friday, February 6, 2026**, if the motion is made by a party in response to a dispositive motion. However, in the event discovery is extended, the motion must be filed no later than **twenty-one days** after the dispositive motion deadline; or

   (iii) **fourteen (14) days after notice of the pretrial conference order is entered**, if the motion relates to a trial witness or issue and if necessary the motion will be heard at the pretrial conference.

(12) Any objections to proffered testimony of any expert witness (who will testify at trial through his or her deposition) must be raised at the pretrial conference.

Based upon the foregoing schedule, this case tentatively[2] should be ready for trial to commence on **Monday, May 4, 2026**, in the **Valdosta Division** of this Court, or as otherwise ordered by the Court.

To move cases expeditiously, the Court will strictly enforce Local Rule 6.2. Accordingly, should any party request an additional extension of time for filing motions, pleadings, responses, or other documents beyond that granted by the Clerk or his deputy **when permitted** without leave of Court, such request must be made by written motion filed **no**

---

[1] *Daubert* motions must be filed as a separate motion and cannot be included or incorporated directly in a dispositive motion or a response to a dispositive motion.

[2] As explained at the initial discovery conference, the actual trial date will be known when the Parties receive the Notice of Pretrial Conference, which might state the proposed trial date listed herein or an earlier or later trial date.

**later than five days before the expiration of the extension granted by the Clerk**. Additionally, should any written motion for an initial extension of time for filing be made directly to the Court, it must be filed **no later than two business days before the expiration of the time period sought to be extended**. Such motion must state why an extension is needed. Despite any extension that may be given, the parties are directed to act expeditiously and in good faith to complete discovery as scheduled.

The parties are further reminded that, pursuant to Local Rule 56, parties must include a separate, short, and concise statement of material facts, including specific reference to the relevant documents which support such contentions. Failure to comply with Local Rule 56 may result in the denial of the motion or rejection of the response.

Additionally, the Parties are instructed not to file *Daubert* motions within dispositive motions or in any other manner except as set forth hereafter. As the resolution of *Daubert* motions necessarily requires a hearing, the weighing of facts, or credibility determinations, it is not appropriate to merge the two types of motions or the motion and response to a dispositive motion into one. Therefore, if a dispositive motion requires the resolution of a *Daubert* issue, e.g., where an identified expert is required to make out a prima facie claim or defense, a motion addressing that issue must be filed separately and contemporaneously. Doing so will separate fact-finding, evidence-weighing, and credibility determinations by the Court from its consideration of dispositive motions.

Further, all evidence produced by a party in response to a discovery request made under the Federal Rules of Civil Procedure is deemed to be authenticated, and no other proof of authentication for admission at trial is necessary, unless the producing party specifically notes in writing and contemporaneously with production of the evidence to the requesting party the grounds for waiver of or objection to the presumption of authentication. Initial discovery disclosures produced under Rule 26(a) of the Federal Rules of Civil Procedure will not be deemed authenticated unless so designated in response to a later discovery request. Substantive objections are not waived by said production.

**SO ORDERED**, this 23rd day of May 2025.

                                                 <u>**/s/ W. Louis Sands**</u>
                                                 **W. LOUIS SANDS, SR. JUDGE**
                                                 **UNITED STATES DISTRICT COURT**