**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

**DAWN WOOTEN,**

*Plaintiff,*

**VS.** **CIVIL ACTION NO. 7:22-cv-00148-WLS**

**LASALLE MANAGEMENT COMPANY, L.L.C, LASALLE SOUTHEAST, LLC,** and **DAVID PAULK,** an individual,

*Defendants.*

---

**REPLY IN SUPPORT OF MOTION FOR PROTECTIVE ORDER BY DEFENDANTS LASALLE SOUTHEAST, LLC AND DAVID PAULK**

---

**COME NOW**, Defendants LASALLE SOUTHEAST, LLC and DAVID PAULK ("Defendants"), and submit this Reply in Support of their *Motion for Protective Order* [Doc. 94] and in response to Plaintiff Dawn Wooten's *Opposition* [Doc. 96]. Plaintiff's Opposition raises a misplaced First Amendment argument, asserting that the designation of discovery material as confidential would violate a judicial right of access; such a right does not apply to discovery. Plaintiff confuses the issues, focusing on the standard for *sealing* court documents rather than the standard for confidentiality during discovery. As stated by Plaintiff, she intends to "publish articles and contact Congress about materials received in discovery from LaSalle[.]" Her Opposition simultaneously misrepresents the purpose of Defendants' proposed Protective Order and shows exactly why a Protective Order is necessary, to create a protocol for designating confidential information, with the option to seek judicial intervention where consensus cannot be reached. Defendants respectfully request that their Motion for Protective Order be granted.

## I. PROCEDURAL AND FACTUAL CLARIFICATIONS

Plaintiff's Opposition contains several mischaracterizations of the terms of the proposed Protective Order. To clarify, below is a summary of its relevant terms:

- "Confidential Information" includes information designated by either party as falling into one of the following categories: (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets; (c) research, technical, commercial or financial information that the party has maintained as confidential; (d) medical information concerning any individual; (e) personal identifying information; (f) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; (g) personnel or employment records of a person who is not a party to the case; and any and all other proprietary information, including those regarding prison procedures or security, that are not available to the public. Publicly available information (or information subject to FOIA, as referenced by Plaintiff) may not be designated as confidential.[1]

- The designation of material as confidential does not automatically constitute an agreement by the other party as to the confidentiality of the material, but the parties agree to treat such material as confidential until a determination is made by the Court. Confidential Information cannot be disclosed by the parties, their counsel, or any limited set of authorized third parties for purposes other than this litigation or its appeal.[2]

- The Protective Order does not authorize the filing of any document under seal, and any party wishing to file a document under seal must comply with Local Rule 5.4.[3]

- Either party may challenge a designation of material as confidential by requesting a meet-and-confer with counsel for the designating party. If the parties do not agree, the party challenging the designation may file a motion with the Court detailing the challenge. The burden of proof remains on the designating party. Until a determination by the Court is made, the parties agree to treat the materials as confidential.[4]

- The Order itself "is entered for the purpose of facilitating discovery" and does not represent a judicial determination that any document or material designated as confidential is entitled to protection until the Court rules on specific documents or materials.[5]

Plaintiff asserts that Defendants should be required to "present representative documents with specific justifications before granting broad categorical protections."[6] Defendants will present

[1] The proposed Protective Order was inadvertently not attached as Exhibit A to the Motion for Protective Order, as referred to therein. [Doc. 94]. Accordingly, it is being attached hereto as Exhibit A. Exhibit A at ¶ 2.
[2] Exhibit A at ¶¶ 3(b), 5.
[3] Exhibit A at ¶ 6.
[4] Exhibit A at ¶ 8.
[5] Exhibit A at ¶ 12.
[6] [Doc. 96] at 6.

such materials if disputes are brought to the Court in the manner contemplated by the proposed Protective Order. However, at this stage, the Court has ordered the parties to confer about the entry of a Protective Order. Without agreement, Defendants sought judicial intervention to enter a Protective Order under Rule 26(c).[7] Defendants cannot produce specific documents because no documents or other discovery material have been sought. Rather, this proposed Protective Order seeks to (1) prevent the unauthorized publication of confidential discovery material or whose confidentiality status is in dispute; and (2) to preemptively limit disputes before the Court, creating a mechanism for the parties to confer out of court about disputed confidentiality designations.

If necessary to protect their interests, Defendants will seek Court intervention on confidentiality for individual documents, but the goal of this Motion for Protective Order is to promote the free exchange of information in discovery without fear of unauthorized disclosure of private materials by either party. Plaintiff has specifically stated in a court filing[8] her political goals of using discovery documents regarding a detention facility that has not held ICE detainees for nearly three years as media plays.[9] She has failed to engage in a good faith dialogue to come to an agreement about the materials actually relevant to this piece of employment litigation.

## II. ARGUMENT

### A. There is Good Cause for Granting a Protective Order and the First Amendment Right of Access Does Not Override Such Good Cause.

The plain text of Fed. R. Civ. P. 26(c) is that a protective order may be issued when, upon a showing of good cause, such an order is necessary to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(c). “Good cause” requires a balancing the interests of the party seeking information to obtain it and the legitimate

[7] *See* [Doc. 92].
[8] [Doc. 96].
[9] *See* [Doc. 56-3] at ¶ 10.

interests of the party seeking to limit such discovery. *See Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985). Defendants' Motion sets forth exactly why there is good cause for a preemptive Protective Order that may cover the categories of documents sought. The Eleventh Circuit has found "good cause" to exist with respect to discovery materials to keep them from disclosure to non-parties.[10]

In addition to the reasons set forth in Defendants' Motion, Plaintiff's own brief makes clear why there is good cause for granting a Protective Order. Plaintiff bluntly states in her Opposition that she intends not only to disclose all discovery materials to third parties, but to publish them: "Wooten and GAP assert strong First Amendment rights to publish articles and contact Congress about materials received in discovery from LaSalle, considered public or judicial records."[11] Notably, Plaintiff asserts that she is represented by the Government Accountability Project ("GAP"), which she admits has its own political agenda, but her only counsel of record is Thad Guyer with Guyer & Ayers and local counsel John Paul Batson. GAP is neither listed as Plaintiff's counsel of record in her Second Amended Complaint, nor is it a party to this litigation.[12]

Her alleged concern is with respect to the constitutional right of access to public records. In support thereof, she cites to a *criminal* case from the Eleventh Circuit Court of Appeals, which also holds in pertinent part that "[t]he constitutional right of access has a more limited application in the *civil* context than it does in the criminal."[13] "Materials merely gathered as a result of the civil discovery process, however, do not fall within the scope of the constitutional right of access's compelling interest standard."[14] In fact, "the mere existence of a protective order does not

---

[10] *In re Alexander Grant & Co. Litig.*, 820 F.2d 352 (11th Cir. 1987).
[11] Doc. 96, 3.
[12] Plaintiff also makes a reference to a prior piece of litigation involving LaSalle Southeast, *Oldaker v. Giles*, 724 F. Supp. 3d 1315 (M.D. Ga. 2024), without explaining its relevance other than that it involves the exchange of documents. A protective order was stipulated by the parties in that case, so such information is not relevant.
[13] *Chicago Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, (11th Cir. 2001) (emphasis added).
[14] *Id.*

automatically override the public's right of access," and so Plaintiff's right of access concerns are entirely misplaced.

These claims, however, support Defendants' position that there is good cause. The threat of public exposure of potentially all discovery materials is a clear example of "annoyance, embarrassment, oppression, or undue burden or expense," as prescribed by Rule 26. She further indicates that she will "oppose almost all efforts" to keep documents under seal, indicating that she intends to make this discovery process unduly expensive, burdensome, and annoying for Defendants. Granting this Protective Order would help shield Defendants from this purposeful resistance and allow for more efficient discovery. With little over four months remaining in the discovery period in this case, Defendants are eager to move past this dispute and enter into good faith discovery, with this reasonable Protective Order in place.[15]

**B. Good Cause for a Protective Order is a Discovery Issue, Not a Sealing Issue.**

In opposition, Plaintiff claims that the Motion for Protective Order does not meet the standard of "good cause" for various reasons. However, her stated reasons confuse the standards for granting a protective order with the standard for granting a Motion to Seal. For example, she cites to the case *Theriot v. Nw. Mut. Life Ins. Co.*, 382 F. Supp. 3d 1255 (M.D. Ala. 2019), a case from outside of this district that involved the confidentiality designation of documents filed under seal. She claims that this case requires Defendants seeking protective orders to "attach actual documents, provide redaction logs, and" supporting declarations. That case does not support that assertion, and Defendants have been unable to identify cases which set such a stringent standard for establishing "good cause" for a Protective Order.

[15] *See* [Doc. 92], setting the fact discovery cutoff as November 17, 2025.

For discovery issues (not filing or sealing issues, as argued by Plaintiff), the Eleventh Circuit has held that, "[b]ecause parties often resist the exchange of confidential information, parties regularly agree, and courts often order, that discovery information will remain private."[16] To be clear, at this stage, Defendants are not presently seeking to file any documents under seal, though they reserve the right to request the Court's approval to do so. As laid out in the proposed Protective Order, the effect of a designation as confidential is that simply that the parties agree to treat such material as confidential "until a determination of the confidentiality of such material is made by the Court, if such confidentiality is contested."[17] Such protection is necessary because of Plaintiff's proposal to publish discovery materials without abandon.

Despite Plaintiff's efforts to make this case a broad fight for democracy, this is not a case about the First Amendment, as Plaintiff's First Amendment claim has already been dismissed by this Court.[18] This is not a case "involving public health concerns," as Plaintiff claims. This is also not a case involving Defendants' detention processes or procedures. Put simply, this is an employment case involving a Plaintiff's alleged termination for complaining about issues within a private detention center, as related to her employment as a nurse there. Defendants seek this Protective Order because they anticipate, as evidenced by Plaintiff's Opposition, that Plaintiff will attempt to seek irrelevant materials and use them to publicly embarrass Defendants. The ability for Defendants to designate material as confidential proactively is necessary to prevent "annoyance, embarrassment, oppression, or undue burden or expense."[19]

---

[16] *Alexander Grant*, 820 F.2d at 356.
[17] Exhibit A,
[18] [Doc. 71].
[19] Fed. R. Civ. P. 26(c).

### C. The Court Need Not Address Confidentiality For Purposes of this Protective Order, but the Proposed Categories of Confidential Information Are Reasonable.

Plaintiff asserts that the Court should "[a]ddress[] confidentiality now," when not a single document has been exchanged nor a single piece of discovery sought. Defendants' goal in seeking this Protective Order is not an attempt to overbroadly designate documents as confidential, nor is it to create a "time wasting trap," as Plaintiff claims. Defendants' goal is to streamline discovery and enable *both* parties to designate individual pieces of material as confidential, dispute such designations as necessary, and resolve such disputes so that, when the time comes for filing dispositive motions, the Court's determination about which documents need be filed under seal can be made efficiently. The Court need not address specific confidentiality designations at this stage because none have been made.

Still, if the Court does address specific categories of confidentiality designations at this stage, the proposed categories are reasonable. Plaintiff concedes that "medical records, tax filings, and personally identifiable information" are "genuinely sensitive" and would be justified as confidential.[20] The categories Plaintiff opposes are trade secrets and proprietary business information. She first argues that "judicial transparency carries special weight when judicial records involve public officials, government contractors, or facilities funded by taxpayers," citing to a case involving a government entity, the State of Alabama, with respect to its lethal injection protocol.[21] This case does not support overriding Defendants' legitimate interests in protecting their proprietary business information or trade secrets. Plaintiff next argues that corporate reputational concerns do not justify confidentiality, citing to *Wilson v. Am. Motors Corp.*, 759 F.2d

---

[20] [Doc. 96] at 5. Interestingly, Plaintiff later contests the confidentiality of medical records, suggesting that HIPAA does not apply to Defendants because they "own" the medical records of detainees, a blatant misreading of that statute and its requirements.

[21] *Comm'r, Alabama Dep't of Corr. v. Advance Loc. Media, LLC*, 918 F.3d 1161 (11th Cir. 2019).

1568 (11th Cir. 1985), in support of that assertion. Defendants did not raise reputational concerns in their Motion for Protective Order, so this argument need not be addressed.

The fact remains that the categories which the proposed Protective Order classifies as eligible for confidential designation are applicable *during discovery*. To be filed under seal, the Court would still need to approve the judicial sealing of those records under Local Rule 5.4. The Court is thus entirely within its discretion to grant a Protective Order requiring such material to remain confidential during discovery.

**D. Plaintiff's Proposed "Path Forward" is, in Large Part, Exactly What She Opposes.**

Perhaps most telling about the Plaintiff's Opposition is Section III, wherein she submits a proposed "path forward." She suggests to the Court that it should "take a measured approach that balances legitimate confidentiality interests against the public's right of access," proposing a "graduated approach" which she claims would "prevent[] the judicial inefficiencies that arise when parties must relitigate confidentiality determinations during summary judgment proceedings" and allow the presentation of representative documents "with specific justifications before granting broad categorical protection."[22] As noted above, there are no Constitutional right of access concerns at this stage.

Still, the proposed Protective Order accomplishes exactly those goals. It provides that the designation of material as confidential does not constitute an agreement that such material is confidential. Rather, the party designating material as confidential must make "a bona fide determination that the material is in fact, a trade secret or other confidential, privileged, commercial, proprietary, personal identifying, or otherwise non-public information."[23] Such designation does not "automatically constitute an agreement by any other party as to the

[22] Doc. 96, 5-6.
[23] Ex. A at 2.

confidentiality of such material," but rather requires the parties to maintain the confidentiality of such material until a determination is made by the Court.[24] Either party may challenge a designation of confidentiality, and the parties are then instructed to attempt to confer regarding the designation without Court intervention.[25] The Court may then make a designation upon motion by the challenging party, with the designating party retaining the burden of proof. This structure serves to accomplish the exact goals that Plaintiff proposes in her Opposition.

Plaintiff even acknowledges that a stipulated protective order would be "judicially convenient."[26] Plaintiff argues that her appellate rights would be waived by stipulating to a protective order, but her only citation in support of this claim is to a criminal case with a different discovery standard than the civil context.[27] In fact, a case Plaintiff cites throughout her brief concerned an appellate court's review of a stipulated Protective Order.[28] Her "declining to stipulate" is yet another attempt to delay these proceedings and cause Defendants to incur additional legal costs, even more clear by her alternative proposal that is nearly identical to what Defendants have suggested for nearly two months. By agreeing then, Plaintiff would have preserved her right to contest confidentiality designations, maintained appellate rights, and saved the Court and the parties a two-month delay on the start of discovery. Instead, in what Defendants expect to be predictive of the remainder of discovery, Plaintiff refused to cooperate.

## III. CONCLUSION

This Court should not be distracted by the red herring arguments Plaintiff raises on opposition. The proposed Protective Order submitted by Defendants is supported by good cause,

---

[24] *Id.*
[25] *Id.* at 6.
[26] Doc. 96, 8.
[27] *United States v. Bushert*, 997 F.2d 1343 (11th Cir. 1993).
[28] *In re: Chiquita Brands Int'l, Inc.*, 965 F.3d 1238 (11th Cir. 2020).

would promote both the free exchange of information among the parties and judicial efficiency, and is supported by Eleventh Circuit precedent. Plaintiff's Opposition is made without substance, evidenced by the fact that her proposed "path forward" is what the Protective Order contemplates.

Now, for the reasons set forth above, Defendants LaSalle Southeast, LLC and David Paulk respectfully request that this Court grant their Motion for Protective Order, and for other and further relief as this Court deems just and proper.

THIS, the 14th day of July, 2025.

Respectfully submitted,

**LASALLE SOUTHEAST, LLC AND DAVID PAULK**

*By: s/ Magdalen B. Bickford*
Magdalen B. Bickford
One of its Attorneys

**OF COUNSEL:**

DEIRDRE C. MCGLINCHEY (*Pro Hac Vice*) (T.A.)
Louisiana Bar Roll #24167
MAGDALEN BLESSEY BICKFORD (*Pro Hac Vice*)
Louisiana Bar Roll #17472
ANDREW M. ALBRITTON (*Pro Hac Vice*)
Louisiana Bar Roll #39780
McGLINCHEY STAFFORD, PLLC
601 Poydras Street, 12th Floor
New Orleans, Louisiana 70130
Telephone (504) 586-1200 | Fax: (504) 596-2800
Email: dmcglinchey@mcglinchey.com;
mbickford@mcglinchey.com;
aalbritton@mcglinchey.com
and

JUSTIN SAULS (GA Bar No. 772266)
McGLINCHEY STAFFORD, PLLC
6688 N. Central Expressway, Ste. 400
Dallas, Texas 75206
Telephone: (214) 445-2445 | Fax: (214) 445-2450
Email: jsauls@mcglinchey.com

*Counsel for LaSalle Southeast LLC and David Paulk*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of July, 2025, a true and correct copy of the foregoing has been electronically filed with the clerk of court using the CM/ECF system, which will send Notice of Electronic filing to all counsel of record.

THIS, the 14th day of July, 2025.

*/s Andrew M. Albritton*
ANDREW M. ALBRITTON