**UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF GEORGIA VALDOSTA DIVISION**

**DAWN WOOTEN,**

*Plaintiff,*

**VS.** **CIVIL ACTION NO. 7:22-cv-00148-WLS**

**LASALLE MANAGEMENT COMPANY, L.L.C, LASALLE SOUTHEAST, LLC,**
and **DAVID PAULK,** an individual,

*Defendants.*

---

# PROTECTIVE ORDER

---

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the following Protective Order is issued to govern certain disclosures in this case in accordance with the following terms:

1. **Scope.** All documents, data stored electronically or in any other medium from which information can be derived, tangible things, or other materials or information produced by Plaintiff Dawn Wooten, and Defendants LaSalle Southeast, LLC, and David Paulk, including but not limited to responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom (collectively "documents"), shall be subject to this Order concerning Confidential Information as defined below. This Order is subject to the Local Rules of the Middle District of Georgia and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2. **Confidential Information.** As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL" by the producing party that falls within one

or more of the following categories: (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets; (c) research, technical, commercial or financial information that the party has maintained as confidential; (d) medical information concerning any individual; (e) personal identifying information; (f) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; (g) personnel or employment records of a person who is not a party to the case; and any and all other proprietary information, including those regarding prison procedures or security, that are not available to the public. Information or documents that are available to the public may not be designated as Confidential Information. All parties agree that the designation of material as confidential shall be made by a party only after a bona fide determination that the material is in fact, a trade secret or other confidential, privileged, commercial, proprietary, personal identifying, or otherwise non-public information.

3. **Designation.**

a. Procedure. Any party may designate a document as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL" on the document and on all copies in a manner that will not interfere with the legibility of the document.[1] The marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall be applied prior to or at the time that the documents are produced or disclosed. Applying the marking "CONFIDENTIAL" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies made of any documents marked "CONFIDENTIAL" shall also be so marked,

[1] As used in this Order, the term "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information.

except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

b. Effect of Designation. While the designation of material as confidential does not automatically constitute an agreement by any other party as to the confidentiality of such material, all parties do agree to treat such material as confidential and subject to this Order, until a determination of the confidentiality of such material is made by the Court, if such confidentiality is contested.

c. Inadvertent Failure to Designate. An inadvertent failure to designate a document as Confidential Information does not, standing alone, waive the right to subsequently so designate the document; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required by this Order at Paragraph 4, even if inadvertent, waives any protection for deposition testimony. If a party designates a document as Confidential Information after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information.

4. **Depositions**. Deposition testimony is protected by this Order if, within fourteen (14) days of the delivery of the transcript, a designating party serves a Notice of Confidential Designation to all parties of record identifying the specific portions of the transcript that

are designated Confidential Information, and thereafter those portions identified in the Notice of Designation shall be protected under the terms of this Order. The failure to serve a timely Notice of Designation waives any designation of deposition testimony as Confidential Information that was made on the record of the deposition, unless otherwise ordered by the Court. Likewise, testimony cannot be subsequently designated as Confidential Information unless it was specifically so designated on the record during or immediately upon completion of the subject deposition.

5. **Protection of Confidential Material**.

a. General Protections. Confidential Information shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation, which includes any appeal thereof.

b. Limited Third-Party Disclosures. The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth below. Subject to these requirements, the following categories of persons may be allowed to review Confidential Information: (1) Counsel for the parties and employees of counsel who have responsibility for the action; (2) individual parties and officers, directors, employees, agents or representatives of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed; (3) the Court and its personnel; (4) court reporters and recorders engaged for depositions and/or hearings; (5) those persons specifically engaged for the limited purpose of making

copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents; (6) consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action; (7) during their depositions, or in preparation for their trial or deposition testimony, witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order. (8) The author or recipient of the document in the regular course of business (not including a person who received the document in the course of litigation); and (9) other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed upon or ordered. Notwithstanding any of the foregoing, if any party is requested (whether by interrogatory, subpoena, or any similar process related to any legal proceeding, investigation, hearing, or otherwise) to disclose any Confidential Information, the party shall (a) provide the producing party with prompt written notice upon receipt of such request (to mean no longer than two business days after receiving such interrogatory, subpoena, demand, or any similar process), so that the producing party may seek a protective order or other appropriate remedy, and (b) notify the requesting party of the ongoing obligations under this Protective Order.

In the event that a protective order or other remedy is not obtained, the party shall disclose only such Confidential Information as they are legally compelled to disclose.

6. **Filing of Confidential Information**. This Order does not, standing alone, authorize the filing of any document under seal. Any party wishing to file a document designated as Confidential Information in connection with a motion, brief or other submission to the Court must comply with Local Rule 5.4.

7. **No Greater Protection of Specific Documents**. Except on grounds of privilege not addressed by this Order, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

8. **Challenges by a Party to Designation as Confidential Information**. The designation of any material or document as Confidential Information is subject to challenge by any party. The following procedure shall apply to any such challenge.

   a. Meet and Confer. A party challenging the designation of Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the designating party. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within five (5) business days.

b. Judicial Intervention. A party who elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent certification that affirms that the movant has complied with the meet-and-confer requirements of this Order. The burden of persuasion in any such challenge proceeding shall be on the designating party. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information under the terms of this Order.

9. **Action by the Court**. Applications to the Court for an order relating to materials or documents designated Confidential Information shall be by motion. Nothing in this Order or any action or agreement of a party under this Order shall limit the Court's authority to make orders concerning the disclosure of documents produced in discovery or at trial.

10. **Obligations Upon Conclusion of Litigation**.

a. Order Continues in Force. Unless otherwise agreed upon or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

b. Obligations upon Conclusion of Litigation. Within sixty (60) days after dismissal or entry of final judgment not subject to further appeal, the receiving party shall return or destruction of all materials considered Confidential Information under this Order, including "copies" as defined above, unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction to the extent practicable in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving

party (i.e., attorney work product), that party elects to destroy the documents and certifies to the producing party that it has done so; or (4) to the extent retention is required by other laws, rules or regulations, including those of the Louisiana State Bar Association and Louisiana Supreme Court. The parties may choose to agree that the receiving party shall destroy documents containing Confidential Information and certify the fact of destruction, and that the receiving party shall not be required to locate, isolate and return e-mails (including attachments to emails) that may include Confidential Information or Confidential Information contained in deposition transcripts or drafts or final expert reports.

c. Retention of Work Product. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index that refers or relates to designated Confidential Information, so long as that work product does not duplicate verbatim substantial portions of Confidential Information. Any retained Confidential Information shall continue to be protected under this Order. An attorney may use his or her own work product in subsequent litigation, provided that its use does not disclose or use Confidential Information or otherwise violate this Order.

d. Deletion of Documents Filed under Seal from Electronic Case Filing (ECF) System. Filings under seal shall be deleted from the ECF system only upon order of the Court.

11. **Order Subject to Modification**. This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

12. **No Prior Judicial Determination**. This Order is entered for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or material.

Albany, Georgia, this ______ day of ____________________, 2025.

__________________________________

**W. LOUIS SANDS, JR.**
**UNITED STATES DISTRICT COURT JUDGE**