**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

**DAWN WOOTEN,**

Plaintiff,

v. CIVIL ACTION NO. 7:22-cv-00148-WLS

**LASALLE SOUTHEAST, LLC**,
and **DAVID PAULK**, an individual,

Defendants.

**PLAINTIFF'S AMENDED RESPONSE IN OPPOSITION TO DEFENDANTS' PROPOSED PROTECTIVE ORDER**

Pursuant to the Court's Order dated July 21, 2025 (Doc. 100), Plaintiff Dawn Wooten hereby amends her Response in Opposition to Defendants' Motion for Protective Order (Doc. 96) to address the final text of the Proposed Protective Order attached to Defendants' Reply (Doc. 99-1). This amendment focuses solely on objections and proposed changes to one major and several minor specific provisions in Doc. 99-1. Plaintiff does not reargue or incorporate prior points from Doc. 96.

## I. PRIMARY OBJECTION TO THE DEFINITION OF "CONFIDENTIAL INFORMATION"

Plaintiff acknowledges that the phrase "and any and all other proprietary information, including those regarding prison procedures or security, that are not available to the public" in the Proposed Order (Doc. 99-1, § 2) is not new, as it appeared in earlier drafts shared during conferral. However, given the Court's provision of this additional opportunity to comment,

Plaintiff believes it prudent to emphasize why this provision remains inappropriate and should be removed.

This clause seeks to clothe in confidentiality prison policies the federal government has paid for under a federal contract. Wooten and her counsel want to publicly advocate against provisions of the policy both to the agency and to Congress, and must use the media for that advocacy. The Court should not allow it to be made confidential in a blanket order. LaSalle would convert the Court into a quasi-administrative body, tasked with policing an untested confidentiality regime without evidentiary support or a clear basis. It conflicts with principles like those in the Freedom of Information Act (FOIA), which require the withholding party to justify secrecy on a document-by-document basis. The Court should instead mandate that Defendants seek specific protective orders in the first instance for any such designations, ensuring a focused review rather than broad, generic coverage.

As an activist First Amendment organization where litigation is essential but not primary, the Government Accountability Project (which represents Plaintiff) focuses on exposing conditions in private, taxpayer-funded detention facilities to alert the public, Congress, and regulators. Plaintiff retained GAP for this purpose. Requiring GAP and Plaintiff to expend limited resources challenging speculative confidentiality claims would obstruct and delay public disclosure of policies already funded by taxpayer resources.

This clause would enlist the judiciary as a guardian of undefined "proprietary" prison policies, shielding practices that impact human liberty from scrutiny. Federal Rule of Civil Procedure 26(c) authorizes protective orders only upon a concrete showing of specific harm, not generic assertions of proprietary interest. Adopting this clause would depart from the judiciary's

proper adjudicative role, impairing public transparency in privatized incarceration under the guise of efficiency.

## II. OTHER PROPOSED CHANGES FROM THE REDLINE

In addition to the primary objection above, Plaintiff proposes the specific changes to Doc. 99-1, as reflected in the redlined version previously shared with Defendants, which is attached hereto. LaSalle has informally indicated it does not object to these changes.

Respectfully submitted this 4th day of August, 2025.

/s/ Thad M. Guyer

Thad M. Guyer (Pro Hac Vice)
T.M. Guyer and Ayers & Friends, PC
116 Mistletoe Street
Medford, OR 97501

And

John P. Batson, Esq.

Attorneys for Plaintiff Dawn Wooten

## CERTIFICATE OF SERVICE

I hereby certify that on August 4, 2025, a copy of the foregoing was served on all parties of record via the Court's CM/ECF system.

/s/ Thad M. Guyer