**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | |
|---|---|
| DAWN WOOTEN, : | |
| : | |
| Plaintiff, : | |
| v. : | CASE NO.: 7:22-CV-00148 (WLS) |
| : | |
| LASALLE SOUTHEAST LLC, and : | |
| DAVID PAULK, : | |
| : | |
| Defendants. : | |
| : | |

**Order Setting Hearing**

Briefing on Defendants LaSalle SE and David Paulk's ("LaSalle") Motion for Protective Order (Doc. 94) is complete. After preliminary review, the Court concludes that a hearing is necessary. The Parties should be prepared to focus on three issues:

First, the evidentiary basis required for the Court to find good cause to enter a disputed protective order. Plaintiff Dawn Wooten argues that LaSalle must provide an "affidavit or testimony of a witness" for the Court to enter a protective order over her objection. (*See* Doc. 96 at 11.) Wooten cites authority that suggests that the Court cannot find good cause to enter a disputed protective order under Fed. R. Civ. P. 26(c) without specific evidence in support of it. *See In re: Chiquita Brands Int'l, Inc.*, 965 F.3d 1238, 1351–52 (11th Cir. 2020) (citing *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (2020)); *Chic. Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1313–15 (11th Cir. 2001). To be clear, the Court makes no final determination whether these cases actually stand for what Wooten claims. Still, LaSalle fails to adequately address this authority, even though it is critical. The Parties should be prepared to discuss what evidentiary basis, if any, the Court must have to enter a disputed protective order.

Second, Wooten's proposed uses for information obtained during discovery. Wooten's Counsel indicates that he intends to publicly disclose discovery materials to further the goals of his advocacy organization. (*See* Doc. 96 at 3.) That is, "Wooten and [the Government Accountability Project] assert strong First Amendment rights to publish articles and contact Congress about materials received in discovery from LaSalle, considered public or judicial

records." (Doc. 96 at 3.) The Parties should be prepared to discuss whether Wooten's Counsel's proposed uses for the discovery materials are warranted under existing authority, whether the proposed uses create a conflict of interest between Wooten's counsel and Wooten, and what steps the Court should take to prevent unauthorized disclosure, if any.

Third, whether there is good cause to enter an order that defines confidential material to include "any and all other proprietary information, including those regarding prison procedures or security, that are not available to the public." (Doc. 99-1 at 2.)

Beyond these issues, the Parties should be ready to discuss all aspects of the Motion. But the Court identifies these three issues as its primary concerns. The Court will set a hearing by separate notice or order.

**SO ORDERED**, this 13th day of August 2025.

                                               **/s/ W. Louis Sands**
                                               **W. LOUIS SANDS, SR. JUDGE**
                                               **UNITED STATESDISTRICT COURT**