**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

**DAWN WOOTEN,**

    *Plaintiff,*

**VS.**                                                                 **CIVIL ACTION NO. 7:22-cv-00148-WLS**

**LASALLE MANAGEMENT COMPANY,**
**L.L.C, LASALLE SOUTHEAST, LLC,**
and **DAVID PAULK,** an individual,

    *Defendants.*

---

**DEFENDANTS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION FOR PROTECTIVE ORDER**

---

    **COME NOW**, Defendants LASALLE SOUTHEAST, LLC and DAVID PAULK ("Defendants"), and, in accordance with the Court's instructions in open court at the Hearing on Motion for Protective Order, held on August 28, 2025, submits this Supplemental Memorandum in support of Defendants' *Motion for Protective Order*, filed on June 20, 2025. [Doc. 94].

    On hearing the arguments of counsel at the Hearing, the Court instructed the parties to address their understanding regarding the accepted language of the Motion for Protective Order prior to the Hearing on August 28, 2025. During the hearing, counsel for Plaintiff indicated he would agree to a limited set of protected information including medical records, tax filings, and personally identifiable information like home addresses and phone numbers. [Exhibit A]. However, the parties exchanged emails shortly before the hearing which actually stipulated to most of language in Defendant's Motion for Protective Order with the exception of one line that remains contested.

The emails exchanged with opposing counsel are attached hereto as Exhibit A. These emails were occasioned by this Court's Order of July 21, 2025, granting Plaintiff's counsel the opportunity to file a supplemental reply based on the delayed filing of the proposed Protective Order. [Doc. 100]. On July 21, 2025, undersigned counsel shared the proposed Protective Order to demonstrate that no material changes had been made to the draft previously discussed between the parties. On July 22, 2025, counsel for Ms. Wooten sent a redlined draft, inquiring, "Hey big guy, let me know which of the redline you will agree to." [Exhibit A]. A copy of that proposed redline is attached hereto as Exhibit B. That same day, counsel responded that Defendants could agree to all edits proposed by Plaintiff except the removal of the term "any and all other proprietary information, including those regarding prison procedure or security, that are not available to the public." [Exhibit A]. Counsel for Ms. Wooten did not address that request and filed an Amended Response addressing that term on August 4, 2025. [Doc. 102]. Based on these representations, counsel for Ms. Wooten indicated that she was agreeable to the proposed protective order, with the exception of that single disputed term.

Defendants' position is that the only issue before the Court currently is whether the specific language, "any and all other proprietary information, including those regarding prison procedure or security, that are not available to the public," should be contained in the Protective Order, rephrased or struck. Given that Plaintiff has represented in briefing and before the Court that she will take the discovery produced in this matter and provide it to the Government Accountability Project ("GAP") to publish to the New York Times, the Washington Post and other news sources, it is equally clear that she, her counsel, and GAP will publish this discovery to punish, harass, annoy and embarrass Defendants. Defendants own and operate prison and detainee systems in multiple states, including the ICDC facility, but that facility stopped hosting detainees in 2021.

This information that would be over four years old would be intended to harass, annoy, and embarrass Defendants. FRCP Rule 26(c) specially protects information from dissemination when it done for the purposes of punishing, harassing, annoying or embarrassing a party.[1]

During oral argument, undersigned counsel orally listed multiple cases that supported Defendant's position that no affidavits or witnesses were necessary to establish good cause for granting their Motion for Protective Order.  As a courtesy for the Court and opposing counsel, a list of those referenced are:

- In *Street v. United Parcel Serv., Inc.*, No. 1:09-CV-197 (WLS), 2011 WL 13323637 (M.D. Ga. June 8, 2011), this court found good cause for the entry of a protective order based on the record presented before the court and a plaintiff's improper attempt to seek discovery after the discovery cutoff. The court did not discuss any requirements for affidavits or declarations in order to find such good cause.

- In *Doe (K.B.) v. Hare Krishna Savannah Hotel, LLC*, 346 F.R.D. 150 (N.D. Ga. 2024), the U.S. District Court for the Northern District of Georgia found good cause to modify a proposed protective order based on the parties' disagreements as to its terms and proposed amendments, which were submitted with briefing. No specific affidavit evidence needed to be submitted and the court did not consider any specific evidence or testimony.

- In *Auto-Owners Ins. Co. v. Se. Floating Docks, Inc.*, 231 F.R.D. 426 (M.D. Fla. 2005), the U.S. District Court for the Middle District of Florida found good cause for a protective order based only on the contents of particular subpoenas seeking third party information submitted with briefing.

---

[1] Additionally, Defendants reurge the Court to consider that "material filed with discovery motions is not subject to the common-law right of access" as argued by Plaintiff. *Chic. Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1313-14 (11th Cir. 2001).

Defendants are available to submit any further information the Court requires additional information from Defendants to make a determination on the Motion for Protective Order.

THIS, the 2nd day of September, 2025.

Respectfully submitted,

**LASALLE SOUTHEAST, LLC AND DAVID PAULK**

By:   */s/ Magdalen B. Bickford*
    Magdalen B. Bickford
    One of its Attorneys

**OF COUNSEL:**

DEIRDRE C. MCGLINCHEY (*Pro Hac Vice*) (T.A.)
Louisiana Bar Roll #24167
MAGDALEN BLESSEY BICKFORD (*Pro Hac Vice*)
Louisiana Bar Roll #17472
ANDREW M. ALBRITTON (*Pro Hac Vice*)
Louisiana Bar Roll #39780
McGLINCHEY STAFFORD, PLLC
601 Poydras Street, 12th Floor
New Orleans, Louisiana 70130
Telephone (504) 586-1200 | Fax: (504) 596-2800
Email: dmcglinchey@mcglinchey.com;
       mbickford@mcglinchey.com;
       aalbritton@mcglinchey.com
and

JUSTIN SAULS (GA Bar No. 772266)
McGLINCHEY STAFFORD, PLLC
6688 N. Central Expressway, Ste. 400
Dallas, Texas 75206
Telephone: (214) 445-2445 | Fax: (214) 445-2450
Email: jsauls@mcglinchey.com

*Counsel for LaSalle Southeast LLC and David Paulk*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 2nd day of September, 2025, a true and correct copy of the foregoing has been electronically filed with the clerk of court using the CM/ECF system, which will send Notice of Electronic filing to all counsel of record.

THIS, the 2nd day of September, 2025.

*/s/ Andrew M. Albritton*
ANDREW M. ALBRITTON