**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

**DAWN WOOTEN,**

*Plaintiff,*

**VS.**                                                    **CIVIL ACTION NO. 7:22-cv-00148-WLS**

**LASALLE MANAGEMENT COMPANY,**
**L.L.C, LASALLE SOUTHEAST, LLC,**
and **DAVID PAULK,** an individual,

*Defendants.*

---

### DEFENDANTS' REQUEST FOR TELEPHONE CONFERENCE REGARDING DISCOVERY DISPUTE

---

**COME NOW**, Defendants LASALLE SOUTHEAST, LLC and DAVID PAULK ("Defendants"), and, pursuant to Fed. R. Civ. P. 37, Local Rule 37, and this Court's Scheduling Order dated May 23, 2025 [Doc. 92], respectfully request a telephonic status conference with the Court. In support thereof, Defendants state as follows:

1.      Defendants propounded discovery consisting of Interrogatories and Requests for Production of Documents on Plaintiff on July 29, 2025.

2.      Plaintiff provided insufficient responses and objections on August 28, 2025. These responses and objections are legally insufficient, based on unjustifiable objections, and avoidant of the questions posed, and Plaintiff did not produce any documents at that time.

3.      Defendants sent Plaintiff a letter outlining these deficiencies on September 5, 2025. At the same time, Defendants requested that Plaintiff provide a timeline for production of responsive documents and requested availability for a meet-and-confer call.

4. On September 8, 2025, Plaintiff's counsel responded, indicating that Plaintiff did not dispute the points raised in the letter and proposed a new date for the meet-and-confer call. Plaintiff's counsel indicated that a document production would be forthcoming by Friday, September 12. Plaintiff's counsel did not address the insufficiencies outlined by the letter regarding Plaintiff's Objections and Responses to Defendant's Interrogatories.

5. Plaintiff did not produce any documents on September 12 due to a "medical urgency" experienced by Plaintiff's counsel, promising to provide documents "by Monday morning."

6. At 10:13 p.m. ET on September 15, 2025, Plaintiff's counsel produced an initial document production of 863 pages of documents. This production did not include any documents responsive to Defendants' Requests for Production regarding particular categories of information and relied on the same questionable objections previously contested.

7. Defendants requested a meet-and-confer call again on September 16, 2025, to discuss all outstanding discovery issues. Defendants followed up with an email on September 17, 2025, notifying Plaintiff's counsel that they intended to file a Motion to Compel on September 18, 2025, if corrected discovery responses were not produced by that date, based on the Court's 21/21/21 Rule.

8. On September 18, 2025, counsel for both parties participated in a telephone conference to discuss the outstanding discovery issues, and Plaintiff's counsel indicated that amended Responses to Interrogatories would be provided. However, Defendants have not received any revised discovery responses as of this request. At that conference, Defendants notified Plaintiff's counsel that failure to provide amended responses by the end of the day would force them to request a status conference with the Court.

9.      The Court's 21/21/21 Rule, as outlined in the Scheduling Order [Doc. 92], provides that the parties "may forego a formal motion and instead, timely request a phone conference with the Court to address the matter. In that event, the Courtroom Deputy will be contacted and a date and time for the conference will be determined." Defendants attempted to reach the Courtroom Deputy via telephone and email on September 18, 2025, but received an out-of-office message from the Deputy.

Defendants certify that these efforts to confer with opposing counsel constitute a "good faith effort" to secure the information sought without court intervention, as required by Local Rule 37. Accordingly, Defendants now seek to schedule a telephone conference on this dispute in the interest of protecting their rights to object or otherwise seek the intervention of the Court.

THIS, the 18th day of September, 2025.

Respectfully submitted,

**LASALLE SOUTHEAST LLC AND DAVID PAULK**

By:   */s/ Magdalen B. Bickford*
        Magdalen B. Bickford
        One of its Attorneys

**OF COUNSEL:**

DEIRDRE C. MCGLINCHEY (*Pro Hac Vice*) (T.A.)
Louisiana Bar Roll #24167
MAGDALEN BLESSEY BICKFORD (*Pro Hac Vice*)
Louisiana Bar Roll #17472
ANDREW M. ALBRITTON (*Pro Hac Vice*)
Louisiana Bar Roll #39780
McGLINCHEY STAFFORD, PLLC
601 Poydras Street, 12th Floor
New Orleans, Louisiana 70130
Telephone (504) 586-1200 | Fax: (504) 596-2800
Email: dmcglinchey@mcglinchey.com;
        mbickford@mcglinchey.com;
        aalbritton@mcglinchey.com
and

3

JUSTIN SAULS (GA Bar No. 772266)
McGLINCHEY STAFFORD, PLLC
6688 N. Central Expressway, Ste. 400
Dallas, Texas 75206
Telephone: (214) 445-2445 | Fax: (214) 445-2450
Email: jsauls@mcglinchey.com

*Counsel for LaSalle Southeast LLC and David Paulk*

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of September, 2025, a true and correct copy of the foregoing has been electronically filed with the clerk of court using the CM/ECF system, which will send Notice of Electronic filing to all counsel of record.

THIS, the 18th day of September, 2025.

*/s/ Andrew M. Albritton*
ANDREW M. ALBRITTON