## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## VALDOSTA DIVISION

| | |
|---|---|
| DAWN WOOTEN, : | |
| : | |
| Plaintiff, : | |
| v. : | CASE NO.: 7:22-CV-00148 (WLS) |
| : | |
| LASALLE SOUTHEAST LLC, *et al.* : | |
| : | |
| Defendants. : | |
| : | |

### Order Granting Motion to Extend Discovery

The Parties jointly move to extend discovery (Doc. 125). They explain that they have endeavored to engage in discovery that has often required court intervention as a result of discovery disputes which they assert are unavoidable. (Doc. 125 ¶ 3). They also state that Defendants have new counsel who is still getting up to speed in the case which resulted in the postponing of several crucial depositions. (*Id.* ¶ 4). Furthermore, they anticipate that court intervention may be required to resolve an issue related to a third-party deposition requested by Plaintiff. (*Id.* ¶ 5). For all these reasons, they request a three-month extension of discovery.

For good cause shown, the Motion to Extend Discovery (Doc. 125) is **GRANTED**. The Parties are noticed that future extensions will not be granted unless based upon grounds not reasonably foreseeable or avoidable to the moving Party or Parties. Hence the deadlines that have not already elapsed in the initial Scheduling and Discovery Order (Doc. 92) are **EXTENDED** such that:

- Fact Discovery must be completed no later than **Monday, February 16, 2026**.
- Unless discovery is extended by order of the Court, all dispositive motions must be filed no later than **Friday. April 17, 2026**. If discovery is extended, all dispositive motions must be filed no later than **60 days** after the close of discovery.
- Unless discovery is extended by order of the Court, all non-dispositive motions must be filed no later than **Friday, April 17, 2026**. In the event that discovery is

extended, all non-dispositive motions must be filed no later than **60 days** after the close of discovery.

- Any motion challenging the qualification(s) of any expert witness to offer opinion testimony, raised under *Daubert* or Rules 104(a), 702, and 703 of the Federal Rules of Evidence, must be filed no later than
    - **Friday, April 17, 2026,** if the motion is filed by a party in connection with the party's dispositive motion. But if discovery is extended, all such motions must be filed no later than **60 days** after the close of discovery;
    - **Friday, May 8, 2026**, if the motion is made by a party in response to a dispositive motion. But if discovery is extended, the motion must be filed no later than **21 days** after the dispositive motion deadline; or
    - **Fourteen (14) days** after notice of the pretrial conference is entered, if the motion relates to a trial witness or issues and if necessary, the motion will be heard at the pretrial conference.

Based on these extended dates, the case should be ready for trial to begin *tentatively*[1] on **Monday, August 3, 2026**, in the Valdosta Division of this Court, or as otherwise ordered. Still, as the Court explained at the initial discovery conference, the actual trial date will be known only when the Parties receive the Notice of Pretrial Conference, which might state the proposed trial date in this Order or an earlier or later trial date.

**SO ORDERED**, this 12th day of December 2025.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATESDISTRICT COURT**

---

[1] The actual trial date will be known when the Parties receive the Notice of Pretrial Conference and when Parties submit a proposed pretrial order, which might state the proposed trial date listed herein or an earlier or later trial date.