UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

**DAWN WOOTEN,**

   *Plaintiff,*

**VS.**                            **CIVIL ACTION NO. 7:22-cv-00148-WLS**

**LASALLE MANAGEMENT COMPANY, L.L.C, LASALLE SOUTHEAST, LLC,** and **DAVID PAULK,** an individual,

   *Defendants.*

## SECOND JOINT MOTION TO MODIFY DISCOVERY/SCHEDULING ORDER

    Plaintiff Dawn Wooten and Defendants LaSalle Southeast, LLC and David Paulk jointly request that the Court the extend the close of fact discovery to Monday, March 30, 2026, and adjust accordingly all other deadlines set in the Discovery/Scheduling Order dated December 12, 2025 (Document 126, the "Scheduling Order"), as described more fully below. The parties state the following in support of the request to demonstrate the Court scheduling order standard, i.e., "grounds not reasonably foreseeable or avoidable":

    1.    Defense counsel Jacob Pritt has contracted Covid and is unable to assist with the defendants' document production effort, and over the holiday a replacement is not practicable. Plaintiff has agreed to the unavoidable extensions Defendants need for

document production, and depositions cannot proceed until receipt thereof. The parties contemplate that Defendants' production will be completed by January 12, 2026.

2. Plaintiff's counsel Thad Guyer was informed on December 23, 2025 that due to medical constraints on his co-counsel, Government Accountability Project litigation director Jack Kolar in *Iovino v. Michael Stapleton Associates*, 5:21-cv-00064-TTC-CKM (WDVa), Mr. Guyer would need to add seven deponents to his to his list for a total of 15 deponents in that case, including a major Rule 30(b)(6) deposition of the U.S. Department of State. Those 15 depositions must be completed by February 26, 2025. (See Joint Status Report, 5:21-cv-00064-TTC-CKM Document 243 Filed 12/17/25)

3. On a matter that will affect both parties and the Court, a consent has been reached and confirmed in the Southern District of Georgia (Doc. 3 at 1, December 17, 2025), seeking transfer to this Court the Motion to Quash Subpoena filed by Dr. Mehendra Amin against Plaintiff Wooten's subpoena for a discovery deposition in this action. (See Case 5:25-mc-00001-LGW-BWC, Doc. 3 filed 12/17/2025, and Doc. 5 filed 12/29/25). "That Court's Valdosta Division is the Court of the case pursuant to which the deposition subpoena was issued". (Id., Dec. 3, n. 1, SDGa).

4. Plaintiff's operative Second Amended Complaint was filed into the record on November 16, 2023, following months of procedural briefing regarding the

propriety of service and preliminary jurisdictional issues. [ECF No. 55]. Following the filing of the Second Amended Complaint, the parties engaged in substantial additional briefing regarding personal jurisdiction and the propriety of the Defendants named in the litigation.

5. On March 31, 2025, the Court granted in part and denied in part Defendants' Motion to Dismiss. [ECF No. 86]. After resolving which parties would remain in the case, the Court ordered the parties to confer regarding a discovery plan, held a Rule 16 conference, and entered the operative Scheduling/Discovery Order. [*See* ECF No. 92].

6. Following the entry of the Scheduling Order, the Parties have endeavored to engage in discovery that has often required court intervention as a result of unavoidable discovery disputes.

7. On November 19, 2025, Defendants filed a motion to substitute and withdraw certain counsel, as a result of Defendants' lead counsel switching law firms. [ECF No. 116]. Defendants' new counsel is still getting up to speed in the case, and the substitution led to the parties agreeing to postpone several crucial depositions.

8. The parties request an extension of the current discovery and other deadlines because they agree that discovery cannot reasonably be completed by the current deadlines, particularly with the recent withdrawal of counsel for Defendants.

9. Accordingly, the parties jointly and respectfully request the following amended deadlines:

- Fact Discovery – Monday, March 30, 2026
- Dispositive Motions – Friday, May 29, 2026
- Non-dispositive Motions – Friday, May 29, 2026
- Trial – a date at the Court's convenience in September 2026

10. Under Federal Rule 16(b), a motion to modify a scheduling order may be granted "upon a showing of good cause." *Sosa v. Airprint Sys.*, 133 F.3d 1417, 1418 (11th Cir. 1998).

11. The parties move with good cause to modify the Scheduling Order. The parties agree that factual discovery cannot reasonably be completed by the current deadline.

12. The parties do not request these extended deadlines for the purposes of delay. This is the second request by any party to modify the Scheduling Order.

13. The parties are available to confer with the Court to address any concerns relating to this request to amend the Pre-Trial Scheduling Order.

#110571755v1

WHEREFORE, for all of the foregoing reasons, the parties jointly request that the Motion to Modify the Scheduling Order should be granted.

    Respectfully submitted,

*/s/ PJ Kee*
David J. Forestner (GA Bar No. 269177)
dforestner@joneswalker.com
Deirdre C. McGlinchey (LA Bar No. 24167)
Admitted *pro hac*
Jacob J. Pritt (LA Bar No. 38872)
Admitted *pro hac*
jpritt@joneswalker.com
PJ Kee (LA Bar No. 34860)
Admitted *pro hac*
pkee@joneswalker.com
JONES WALKER LLP
3455 Peachtree Road NE, Suite 1400
Atlanta, GA 30326
Telephone: 404-870-7500

AND

*/s/ Thad M. Guyer*
Thad M. Guyer
T.M. GUYER AND AYERS & FRIENDS PC PLLC
116 Mistletoe Street
Medford, OR 97501
Tel.: (206) 941-2869
thad@guyerayers.com

#110571755v1

## CERTIFICATE OF SERVICE

I hereby certify that on this 31th day of December, 2025, a true and correct copy of the foregoing has been electronically filed with the Clerk of Court using the CM/ECF system, which will send Notice of Electronic filing to all counsel of record.

*/s/ Thad M. Guyer*

_____

Thad M. Guyer

#110571755v1