**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | |
|---|---|
| DAWN WOOTEN, : | |
| : | |
| Plaintiff, : | |
| v. : | CASE NO.: 7:22-CV-00148 (WLS) |
| : | |
| LASALLE SOUTHEAST LLC, *et al.* : | |
| : | |
| Defendants. : | |
| : | |

### Order Granting Motion to Extend Discovery

The Parties jointly move to extend discovery (Doc. 127). The Parties previously moved to extend discovery (Doc. 125), which the Court granted. (Doc. 126). They explain that Defense counsel has contracted Covid and is unable to assist with Defendants' document production effort and that a replacement was not practicable over the holiday. (Doc. 127 ¶ 1). Plaintiff's counsel also received notice that due to other personnel medical issues, he would be doing seven more depositions than expected in an unrelated case. (*Id.* ¶ 2). Additionally, Parties anticipate a Motion to Quash Plaintiff Wooten's Subpoena will be transferred to this Court from the Southern District of Georgia. (*Id.* ¶ 3). For all these reasons, they request an extension of discovery.

For good cause shown, the Motion to Extend Discovery (Doc. 127) is **GRANTED**. The Parties are noticed that future extensions will not be granted unless based upon grounds not reasonably foreseeable or avoidable to the moving Party or Parties. Hence the deadlines that have not already elapsed in the initial Scheduling and Discovery Order (Doc. 92) are **EXTENDED** such that:

- Fact Discovery must be completed no later than **Monday, March 30, 2026**.
- Unless discovery is extended by order of the Court, all dispositive motions must be filed no later than **Friday, May 29, 2026**. If discovery is extended, all dispositive motions must be filed no later than **60 days** after the close of discovery.

1

- Unless discovery is extended by order of the Court, all non-dispositive motions must be filed no later than **Friday, May 29, 2026**. In the event that discovery is extended, all non-dispositive motions must be filed no later than **60 days** after the close of discovery.

- Any motion challenging the qualification(s) of any expert witness to offer opinion testimony, raised under *Daubert* or Rules 104(a), 702, and 703 of the Federal Rules of Evidence, must be filed no later than

    - **Friday, May 29, 2026,** if the motion is filed by a party in connection with the party's dispositive motion. But if discovery is extended, all such motions must be filed no later than **60 days** after the close of discovery;
    - **Friday, June 19, 2026**, if the motion is made by a party in response to a dispositive motion. But if discovery is extended, the motion must be filed no later than **21 days** after the dispositive motion deadline; or
    - **Fourteen (14) days** after notice of the pretrial conference is entered, if the motion relates to a trial witness or issues and if necessary, the motion will be heard at the pretrial conference.

Based on these extended dates, the case should be ready for trial to begin *tentatively*[1] on **Monday, November 2, 2026**, in the Valdosta Division of this Court, or as otherwise ordered. Still, as the Court explained at the initial discovery conference, the actual trial date will be known only when the Parties receive the Notice of Pretrial Conference, which might state the proposed trial date in this Order or an earlier or later trial date.

**SO ORDERED**, this 2nd day of January 2026.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

---

[1] The actual trial date will be known when the Parties receive the Notice of Pretrial Conference and when Parties submit a proposed pretrial order, which might state the proposed trial date listed herein or an earlier or later trial date.