UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

DAWN WOOTEN,

    *Plaintiff,*

VS.                                        CIVIL ACTION NO. 7:22-cv-00148-WLS

LASALLE SOUTHEAST, LLC, and
DAVID PAULK, an individual,

    *Defendants.*

## THIRD JOINT MOTION TO MODIFY DISCOVERY/SCHEDULING ORDER

    Plaintiff Dawn Wooten and Defendants LaSalle Southeast, LLC and David Paulk jointly request that the Court extend the close of fact discovery to **Thursday, April 30, 2026**, and adjust accordingly all other deadlines set in the Discovery/Scheduling Order dated January 2, 2026 (Document 128, the "Scheduling Order"), as described more fully below. The parties state the following in support of the request to demonstrate the Court scheduling order standard, i.e., "grounds not reasonably foreseeable or avoidable":

1.    Mr. Jack Kolar, Litigation Director of the Government Accountability Project ("GAP") and a key litigation resource for Plaintiff in this matter, has suffered a serious illness that has compelled him to resign his position as Litigation Director. Mr. Kolar has assumed a reduced part-time role as his health allows, and he will no longer be able to assist with deposition preparation or examination in this action. This development was not reasonably foreseeable at the time of the last Scheduling Order and constitutes a material change in the litigation support available to Plaintiff. Mr. Kolar's institutional knowledge of this matter and the underlying facts was substantial, and his unavailability directly affects

Plaintiff's ability to adequately prepare for and conduct the ten depositions noticed in this action within the current deadline.

2.  Plaintiff's counsel Thad Guyer has received an unexpected invitation to serve as a visiting lecturer at a law program in Belgrade, Serbia, where he will be teaching whistleblower protection law and European Court of Human Rights jurisprudence from approximately March 23 through April 6, 2026.  This invitation was wholly unanticipated at the time of the most recent Scheduling Order and could not have been reasonably foreseen or avoided. Plaintiff's counsel's absence from the country for this two-week period substantially limits his availability for deposition preparation, travel coordination, and examination during the final weeks of the current discovery period.

3.  Plaintiff has served formal notice of her intent to take ten (10) depositions, including the Rule 30(b)(6) corporate representative deposition of LaSalle Southeast, LLC, and nine individual depositions of current and former ICDC personnel.  The Rule 30(b)(6) deposition is anticipated to require a full day of examination; the individual depositions are estimated at up to two hours each.  Scheduling ten depositions across the available dates within the remaining weeks of the current discovery period, while also coordinating document production and Plaintiff's counsel's international travel obligations, cannot reasonably be accomplished before March 30, 2026.

4.  Prior to March 31, 2026, defendants have no available dates for deposition except the taking of plaintiff deposition on March 30, 2026.

5.  Defendant will have sufficient dates available in April 2026 to complete the 10 depositions requested by plaintiff.

6.  The parties request an extension of the current discovery and other deadlines because they agree that discovery cannot reasonably be completed by the current deadlines in light of the circumstances described above.

7.  Accordingly, the parties jointly and respectfully request the following amended deadlines:

    A   Fact Discovery – Thursday, April 30, 2026

    B   Dispositive Motions – Monday, June 29, 2026

    C   Non-dispositive Motions – Monday, June 29, 2026

    D   Trial – a date at the Court's convenience in November 2026

8.  Under Federal Rule 16(b), a motion to modify a scheduling order may be granted "upon a showing of good cause." *Sosa v. Airprint Sys.*, 133 F.3d 1417, 1418 (11th Cir. 1998).

9.  The parties move with good cause to modify the Scheduling Order.  The parties agree that factual discovery cannot reasonably be completed by the current deadline.

10. The parties do not request these extended deadlines for the purposes of delay.  This is the third request by any party to modify the Scheduling Order.

11. The parties are available to confer with the Court to address any concerns relating to this request to amend the Pre-Trial Scheduling Order.

    WHEREFORE, for all of the foregoing reasons, the parties jointly request that the Motion to Modify the Scheduling Order should be granted.

Respectfully submitted,


*/s/ PJ Kee*

_____
David J. Forestner (GA Bar No. 269177)
dforestner@joneswalker.com

Deirdre C. McGlinchey (LA Bar No. 24167)
Admitted *pro hac

3

Jacob J. Pritt (LA Bar No. 38872)
Admitted *pro hac*
jpritt@joneswalker.com

PJ Kee (LA Bar No. 34860)
Admitted *pro hac*
pkee@joneswalker.com

**JONES WALKER LLP**
3455 Peachtree Road NE, Suite 1400
Atlanta, GA 30326
Telephone: 404-870-7500

AND

*/s/ Thad M. Guyer*

Thad M. Guyer
T.M. GUYER AND AYERS & FRIENDS PC PLLC
116 Mistletoe Street
Medford, OR 97501
Tel.: (206) 941-2869
thad@guyerayers.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 5thday of March, 2026, a true and correct copy of the foregoing

has been electronically filed with the Clerk of Court using the CM/ECF system, which will send

Notice of Electronic filing to all counsel of record.

*/s/ Thad M. Guyer*

Thad M. Guyer