**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | |
|---|---|
| DAWN WOOTEN, : | |
|     Plaintiff, : | |
| v.  : | CASE NO.: 7:22-CV-00148 (WLS) |
| LASALLE SOUTHEAST LLC, *et al.* : | |
|     Defendants. : | |

## Order Granting Motion to Extend Discovery

The Parties jointly move to extend discovery for a third time. (Doc. 129) ("Motion"). They explain Plaintiff has served formal notice of her intent to take ten depositions and explain those depositions are outstanding, but do not provide a substantive update as to progress made during the discovery period. (Doc. 129 ¶ 3.) Indeed, a review of the two previous joint motions to extend discovery reveals a notable absence of progress in discovery. (*See* Docs. 125 & 127). In both orders granting the first two motions to extend discovery, the Court noticed Parties that "future extensions will not be granted unless based upon grounds not reasonably foreseeable or avoidable to the moving Party or Parties." (Docs. 126 & 128). This case has been pending since Plaintiff filed her complaint on December 29, 2022. (Doc. 1). Therefore, the Court now reviews this third motion to extend discovery with great scrutiny.

Parties acknowledge the Court's previous notice that future extensions will not be granted unless based upon grounds not reasonably foreseeable. (Doc. 129 at 1). They seek a one-month extension for two reasons, both of which were not reasonably foreseeable. First, Parties note that Jack Kolar, Litigation Director of the Government Accountability Project, has suffered a serious illness that compelled him to resign his position as Litigation Director and means he will no longer be able to assist with deposition preparation in this action. (*Id.* ¶ 1). The Court deeply regrets Mr. Kolar's illness and wishes him a full and speedy recovery. However, Mr. Kolar does not represent Plaintiff in this action. Neither does the Government Accountability Project, a point which the Court noted at a previous hearing. (*See* Doc. 109). Thad Guyer represents Plaintiff and bears the responsibility for conducting her

1

discovery, although Mr. Kolar may have played a significant role. Therefore, while Mr. Kolar's illness was unforeseeable, it does not necessarily constitute good cause for a discovery delay. The Court will countenance his illness, however, only for the purposes of the instant motion in view of the role he may have played with respect to depositions.

Second, Parties note Thad Guyer received an unexpected invitation to serve as a visiting lecturer at a law program in Serbia where he will teach whistleblower protection law and European Court of Human Rights jurisprudence from March 23 to April 6, 2026. (Doc. 129 ¶ 2). The Court celebrates Mr. Guyer's professional achievement. However, fact discovery was set to expire on March 30, 2026. (Doc. 128). Therefore, Mr. Guyer is missing out on the last seven days of fact discovery, a period that should be inconsequential given that discovery began on May 21, 2025, about ten months ago. (Doc. 92). Additionally, Mr. Guyer's non-representative professional matters may not come at a cost to his representation of his clients. Therefore, Mr. Guyer's professional achievement, while a cause for celebration, does not of itself constitute good cause to delay discovery.

While good cause has not been shown in the truest sense, the Court will exercise its discretion to allow one final extension of discovery. The Motion to Extend Discovery (Doc. 129) is **GRANTED**. All deadlines set out in the Court's previous Order extending discovery (Doc. 128) remain in full force and effect. Hence the deadlines that have not already elapsed in the initial Scheduling and Discovery Order (Doc. 92) are **EXTENDED** such that:

- Fact Discovery must be completed no later than **Thursday, April 30, 2026**.
- Unless discovery is extended by order of the Court, all dispositive motions must be filed no later than **Monday, June 29, 2026**. If discovery is extended, all dispositive motions must be filed no later than **60 days** after the close of discovery.
- Unless discovery is extended by order of the Court, all non-dispositive motions must be filed no later than **Monday, June 29, 2026**. In the event that discovery is extended, all non-dispositive motions must be filed no later than **60 days** after the close of discovery.

- Any motion challenging the qualification(s) of any expert witness to offer opinion testimony, raised under *Daubert* or Rules 104(a), 702, and 703 of the Federal Rules of Evidence, must be filed no later than
    - **Monday, June 29, 2026,** if the motion is filed by a party in connection with the party's dispositive motion. But if discovery is extended, all such motions must be filed no later than **60 days** after the close of discovery;
    - **Monday, July 20, 2026**, if the motion is made by a party in response to a dispositive motion. But if discovery is extended, the motion must be filed no later than **21 days** after the dispositive motion deadline; or
    - **Fourteen (14) days** after notice of the pretrial conference is entered, if the motion relates to a trial witness or issues and if necessary, the motion will be heard at the pretrial conference.

Based on these extended dates, the case should be ready for trial to begin *tentatively*[1] on **Monday, November 2, 2026**, in the Valdosta Division of this Court, or as otherwise ordered. Still, as the Court explained at the initial discovery conference, the actual trial date will be known only when the Parties receive the Notice of Pretrial Conference, which might state the proposed trial date in this Order or an earlier or later trial date.

**SO ORDERED**, this 11th day of March 2026.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATESDISTRICT COURT**

---

[1] The actual trial date will be known when the Parties receive the Notice of Pretrial Conference and when Parties submit a proposed pretrial order, which might state the proposed trial date listed herein or an earlier or later trial date.