**EXHIBIT 6**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

DAWN WOOTEN,

    Plaintiff,

v.                            CIVIL ACTION NO. 7:22-cv-00148-WLS

LASALLE MANAGEMENT COMPANY,
L.L.C, LASALLE SOUTHEAST, LLC,
and DAVID PAULK, an individual,

    Defendants.

_____

## DECLARATION OF DAVID PAULK

I, David Paulk, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief:

1.      In 2019 and 2020, I was employed by Defendant LaSalle Southeast, LLC as the Warden of the Irwin County Detention Center (ICDC).

2.      In consultation with Regional Director James McCormick, I made the decision to change Plaintiff Dawn Wooten's status from a full-time nurse to a PRN (as needed) nurse at ICDC on July 2, 2020.

3.      My decision followed an investigation by Deputy Warden Frank Albright that concluded that Ms. Wooten had a recent history of attendance problems culminating in four late clock-ins in the month of June, followed by a week in which Ms. Wooten did not come to work and did not call in and notify her supervisor that she would not be coming to work.

4.      Prior to my decision to change Ms. Wooten's status to PRN, neither Health Services Administrator Marion Cole, Health Services Administrator Lakeysia Brown, nor Director of Nursing Shanise Bell reported any complaints made by Ms. Wooten to me.

1

5. At the time I decided to change Ms. Wooten's status to PRN, I was unaware that she had made any complaints related to ICDC's COVID-19 policies and procedures, including any complaints related to shredding documents, employee and detainee mask usage, detainee medical testing, or any other COVID-19 related issues she now claims in this lawsuit that she raised prior to July 2, 2020.

6. At the time I decided to change Ms. Wooten's status to PRN, I was unaware that she had made any complaints related to the alleged medical treatment of female detainees at ICDC, including any such complaints related to Dr. Mahendra Amin, or any complaints about informed consent for gynecological procedures.

7. I did not learn of *any* complaints by Ms. Wooten related to COVID-19 practices at ICDC or medical treatment at ICDC until she filed her OIG complaint on September 8, 2020.

8. The earliest I learned of any complaints whatsoever made by Ms. Wooten was upon my review of her July 3, 2020 grievance following her change in status from full-time to PRN.

9. Ms. Wooten's attendance issues were a terminable offense under LaSalle company policy that Ms. Wooten acknowledged. The only reason I decided *not* to terminate Ms. Wooten's employment was the hope that she could still cover some necessary nursing shifts as a PRN employee.

10. During the COVID-19 pandemic, it was crucial that ICDC had nurses that were willing to work and showed up to work as scheduled. I would have made the same decision to change Ms. Wooten's status from full-time to PRN regardless of any complaints or lack thereof. Finding coverage for nursing shifts at the time was essential.

11. LaSalle has a zero tolerance policy for employees in its medical department violating HIPAA or otherwise compromising patient privacy. In reviewing Ms. Wooten's

#111930095v2

deposition testimony, I learned that she admitted to removing detainee medical records from the ICDC facility without authorization. Had I known of this conduct during her employment, I would have terminated her employment immediately without further discussion, regardless of any other extenuating circumstances.

Dated: June 25, 2026.

_____
DAVID PAULK

3

#111930095v2