**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

**DAWN WOOTEN,**

Plaintiff,

v. **CIVIL ACTION NO. 7:22-cv-00148-WLS**

**LASALLE MANAGEMENT COMPANY, L.L.C, LASALLE SOUTHEAST, LLC,** and **DAVID PAULK**, an individual,

Defendants.

---

**REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Defendants LaSalle Southeast, LLC ("LaSalle") and David Paulk (collectively, "Defendants") respectfully submit this reply in support their motion for summary judgment.

* * *

Plaintiff's opposition confirms the central defect identified in Defendants' motion: she still cannot produce competent evidence that either Warden Paulk or Regional Director James McCormick knew of any allegedly protected disclosure before the July 2, 2020 decision to reclassify her from full-time to PRN status. Instead, Plaintiff attempts to create a triable issue through speculation regarding ICDC's chain of command, unsupported inferences regarding management communications, and a new declaration executed in July 2026 containing critical allegations absent from her contemporaneous grievance, her September 2020 OIG declaration, and other contemporaneous records.

The Court need not accept speculative chains of inference or newly embellished recollections that directly contradict the documentary record. Even viewing the evidence in Plaintiff's favor, no reasonable jury could conclude that protected disclosures were a contributing

factor in the July 2, 2020 decision. Moreover, Defendants have established that the same action would have occurred regardless of any alleged protected disclosure because of Plaintiff's documented attendance issues. Summary judgment should be granted.

**I. Plaintiff still cannot prove decisionmaker knowledge.**

Plaintiff's opposition repeatedly substitutes assumptions for evidence. The dispositive question is not whether Plaintiff allegedly complained to Brown, Bell, or others. The question is whether the individuals who made the challenged employment decision, Warden Paulk and Regional Director McCormick, knew of protected disclosures when they acted.

Plaintiff still cannot identify:

- a single email forwarding her complaints to Warden Paulk;
- a single memorandum informing Warden Paulk of those complaints;
- a single witness who testified that Ms. Brown, Ms. Bell, or Ms. Whitley communicated Plaintiff's concerns to Warden Paulk;
- a single contemporaneous document reflecting that Warden Paulk received any disclosure before July 2, 2020.

Instead, Plaintiff argues that complaints "would have" traveled through the chain of command because supervisors were generally expected to elevate concerns. That argument proves too much and evidences nothing. The existence of a reporting structure does not establish that any particular complaint was actually communicated to Warden Paulk. The Eleventh Circuit instructs that, although a decisionmaker's knowledge may be established through circumstantial evidence, it cannot rest on "unsupported inference," and evidence that another individual "could have told" the decisionmaker does not establish that the individual "did tell" him. *Martin v. Fin. Asset Mgmt. Sys.*, 959 F.3d 1048, 1053-54 (11th Cir. 2020) (discussing retaliation in the Title VII context). Rule 56 requires evidence, not assumptions about what "must have happened." *See Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1181 (11th Cir. 2005) ("[U]nsupported speculation . . . does not meet a party's

burden of producing some defense to a summary judgment motion. Speculation does not create a *genuine* issue of fact; instead, it creates a false issue, the demolition of which is a primary goal of summary judgment."); *see also Kernel Records Oy v. Mosley*, 694 F.3d 1294, 1301 (11th Cir. 2012) ("Although all justifiable inferences are to be drawn in favor of the nonmoving party . . . inferences based upon speculation are not reasonable.").

Nor does Plaintiff's reliance on Warden Paulk's general management responsibilities create a factual dispute. A jury cannot reasonably infer knowledge of specific disclosures merely because Warden Paulk was responsible for facility operations. His position may have placed him in a position to receive such information, but the possibility that he theoretically could have learned of a disclosure is not evidence that he actually did. If that were enough, the knowledge requirement would disappear entirely.

**II. Plaintiff's July 2026 Declaration cannot create a genuine fact issue.**

Recognizing the absence of evidence establishing Warden Paulk's knowledge, Plaintiff now relies heavily on a July 2026 declaration containing numerous allegations that never appeared in her contemporaneous accounts. Most notably, Plaintiff now claims that she:

- directly complained to Warden Paulk about COVID-19 practices;
- directly confronted Warden Paulk about N-95 mask distribution;
- directly complained to Warden Paulk regarding alleged gynecological procedures;
- directly raised concerns about detainee medical treatment to Warden Paulk.

These alleged conversations represent the strongest possible evidence of causation. Yet they are conspicuously absent from Plaintiff's July 2020 grievance, her September 2020 OIG declaration, and other contemporaneous records. The omission is particularly striking regarding Plaintiff's new allegation that Warden Paulk supposedly told her:

> Because you thought you were black and female enough to challenge authority in this place, you're going to be PRN effective today.

If such an extraordinary statement had actually occurred, one would expect it to appear in: Plaintiff's nine-page July 2020 grievance; her September 2020 OIG complaint; her contemporaneous reports to advocacy groups; or other early disclosures. It appears nowhere. Only now, years later, does Plaintiff offer these new-found allegations to supply the evidence of Warden Paulk's knowledge and retaliatory motive otherwise missing from the record. That is precisely the concern underlying the Eleventh Circuit's rule permitting courts, in limited circumstances, to disregard later testimony offered "for the transparent purpose of creating a genuine issue of fact where none existed previously." *Furcron v. Mail Ctrs. Plus, LLC*, 843 F.3d 1295, 1306 (11th Cir. 2016). Plaintiff should not be allowed to manufacture a dispute through such post hoc elaboration.

**III. Plaintiff's contemporaneous documents contradict her present retaliation theory.**

The most reliable evidence of Plaintiff's beliefs in July 2020 is what she wrote at that time. Her grievance spans nine pages. It discusses: alleged favoritism; workplace politics; attendance discipline; relationships among supervisors; and claimed unfair treatment. Conspicuously absent are claims that she was disciplined because she reported: COVID-19 violations; PPE issues; record shredding; detainee medical treatment concerns; gynecological procedures; and whistleblower activity generally. Plaintiff asks the Court to accept that she was retaliated against for reporting serious public-health and medical concerns, yet when she had the first opportunity to challenge her change to PRN status, she never said so. Likewise, Plaintiff's September 2020 OIG declaration contains many allegations concerning conditions at ICDC, but omits several of the most significant allegations now appearing in her 2026 declaration, including the purported discriminatory statement by Warden Paulk and many of the alleged direct conversations on which her causation theory now depends. The Court should give substantially greater weight to what

Plaintiff reported contemporaneously than to a litigation declaration drafted years later after Defendants identified deficiencies in her proof.

**IV. Defendants would have reclassified Plaintiff regardless of any protected disclosure.**

Even if a factual dispute existed concerning protected activity, Defendants have demonstrated a legitimate and independently sufficient basis for reclassifying Plaintiff. Plaintiff acknowledges that HR Manager Whitley instructed her to call in daily; that she received that instruction; and that she did not comply with that instruction. Plaintiff attempts to avoid those facts by claiming Ms. Brown allegedly told her daily call-ins were unnecessary. But even accepting Plaintiff's version, the record establishes that HR expressly instructed Plaintiff to follow the daily call-in procedure and that Plaintiff nevertheless failed to do so.

Plaintiff also characterizes the June 12, 2020 email as evidence of a supposed scheme to create discipline retroactively. The email proves the opposite. It demonstrates that attendance concerns already existed before the July 2 decision and that management was discussing those concerns contemporaneously. The straightforward reading of that email is that supervisors reported attendance issues and Warden Paulk directed further review and documentation. The Court should reject Plaintiff's invitation to transform ordinary disciplinary review into evidence of retaliation.

The record contains additional evidence supporting Defendants' same-action defense. Plaintiff's declaration confirms that she removed detainee medical records and retained positive COVID-19 test results because she believed she needed "proof" concerning conditions inside the facility. Plaintiff attempts to justify that conduct. But the significance of the admission is that it confirms the conduct occurred. Plaintiff likewise admitted during discovery that she removed detainee medical records from the facility and understood the HIPAA implications of doing so.

Those admissions further support Defendants' position that independent grounds existed for adverse action and reinforce the same-decision defense.

**V. Plaintiff's post-September 2020 theory fails as a matter of law.**

Plaintiff also attempts to recast the case as one involving post-OIG-report scheduling decisions. That argument fails for several reasons. ***First***, Plaintiff remained a PRN employee. PRN employees are not guaranteed shifts. ***Second***, the record shows repeated efforts by LaSalle personnel to obtain Plaintiff's availability and schedule shifts. Plaintiff admits she saw full-time openings but never applied. She admits she relocated to Atlanta. She admits the move restricted her availability. She admits she failed to respond to various scheduling requests. ***Third***, Plaintiff's September 8, 2020 OIG complaint cannot establish causation for the July 2, 2020 PRN decision because that decision had already occurred months earlier. No reasonable jury could conclude that the post-September scheduling evidence transforms the earlier PRN decision into unlawful retaliation.

* * *

Plaintiff's opposition relies on speculation, stacked inferences, and a late-filed declaration that materially expands her earlier sworn accounts. She still cannot identify competent evidence establishing that Warden Paulk or Mr. McCormick knew of protected disclosures before the July 2, 2020 decision. Her contemporaneous grievance and OIG materials substantially undermine the causation theory she now advances. Moreover, the undisputed attendance record establishes by clear and convincing evidence that Defendants would have reclassified Plaintiff regardless of any protected disclosure. Accordingly, Defendants respectfully request that the Court grant summary judgment in favor of LaSalle Southeast, LLC and David Paulk and dismiss Plaintiff's remaining claim with prejudice.

Respectfully submitted,

*/s/P.J. Kee*
David J. Forestner (GA Bar No. 269177)
dforestner@joneswalker.com
Deirdre C. McGlinchey (LA Bar No. 24167)
Admitted **pro hac*
Jacob J. Pritt (LA Bar No. 38872)
Admitted **pro hac*
jpritt@joneswalker.com
PJ Kee (LA Bar No. 34860)
Admitted **pro hac*
pkee@joneswalker.com
JONES WALKER LLP
201 St. Charles Ave., Suite 5100
New Orleans, LA 70170-5100
Telephone: 504-582-8000

**CERTIFICATE OF SERVICE**

I hereby certify that on this August 10, 2026, a true and correct copy of the foregoing has been served by CM/ECF electronic filing.

*/s/P.J. Kee*